GROSCHNER *v.* WINTON.

Opinion delivered December 20, 1920.

1. EXECUTORS AND ADMINISTRATORS—CONFIRMATION OF APPOINTMENT BY CLERK.—The appointment of an administrator by the clerk in vacation is subject to confirmation or rejection by the probate court, under Kirby's Digest, § 1.

2. EXECUTORS AND ADMINISTRATORS—VENUE OF APPOINTMENT.—Under Kirby's Digest, § 2, where a deceased person neither had a residence nor died in the county in which an administrator was appointed by the clerk in vacation, but not confirmed by the court, the appointment was void, and a judgment obtained by the administrator against a person or corporation wrongfully causing intestate's death was properly set aside.

3. JUDGMENT—COLLATERAL ATTACK.—A motion to vacate a judgment of the circuit court in favor of an administrator is not a collateral attack upon his appointment by the probate court if his appointment by the clerk in vacation was never approved by the probate court.

4. JUDGMENT—FRAUD IN PROCURING JUDGMENT.—Evidence upon motion to set aside a judgment in favor of an administrator *held* sufficient to show collusion and fraud between the administrator and the defendant in the judgment in procuring the judgment.

Appeal from Sebastian Circuit Court, Fort Smith District; *John Brizzolara,* Judge; affirmed.

*Pryor & Miles,* for appellant.

1. Appellant had the right, under the laws of Arkansas and Oklahoma, to qualify as administrator of his son's estate. Rev. Laws of Okla. Ann., § 6245; Kirby's Digest, §§ 6289-90.

2. An action for death by wrongful act can be maintained in the name of the administrator. Rev. Laws Okla. Ann., § 5281. Appellant as administrator of Gilbert, the son, appointed by the probate court of Sebastian County, could have maintained this action in the courts of Oklahoma. 16 Kan. 568. No collateral attack can be made upon the appointment. 177 Pac. 593; 52 Ark. 341; 12 S. W. 703; 20 Am. St. Rep. 183; 157 Pac. 1144; 54 Okla. 96; 156 Pac. 815.

3. There was not sufficient proof of fraud to justify the court in setting aside the former judgment and dismissing the case. 127 Ark. 211.

*Ira D. Oglesby,* for appellees.

1. The appointment of appellant as administrator of the estate of Gilbert Groschner was absolutely void. Kirby's Digest, § 2. The probate court had no jurisdiction. 71 Ark. 218; 123 *Id.* 383. The appointment was void and the order or judgment may be collaterally attacked. 52 Ark. 341; 8 *Id.* 318; 177 Pac. 593.

2. The lower court found that there was fraud in the prcurement of the judgment, and that finding must stand as correct until clearly shown to be otherwise. On appeal every presumption is indulged in favor of the judgment below if there is substantial evidence to sustain it. 70 Ark. 512; 84 *Id.* 429; 85 *Id.* 616; 63 *Id.* 513; 97 *Id.* 13; 100 *Id.* 552; 112 *Id.* 47.

3. This court will not disturb the findings of the trial court where the evidence is conflicting; the finding is conclusive on appeal. 104 Ark. 154; 100 *Id.* 166; 4 Crawford's Dig., p. 75.

4. The proof of fraud and bad faith is conclusively shown by the evidence. The appointment of appellant was wrong, not only for lack of jurisdiction of the pro-

bate court and for failure to confirm the appintment by the clerk in vacation, but also for the fraud which called for a vacation of the judgment.

WOOD, J. The facts in this case are substantially as follows: On the 28th day of March, 1899, Mary Winton and Fred Groschner were married and four children were born to them, one of whom was Gilbert Groschner. On the 13th of December, 1907, Mrs Groschner obtained a divorce from her husband and was awarded the custody of their minor children, and since that time and while the children were of tender years their care, education and maintenance devolved entirely upon Mrs. Groschner. In June, 1915, Mary Winton, formerly Mrs. Groschner, moved with her children from Arkansas to Oklahoma where she and her children have resided ever since. Soon after she moved to Oklahoma her son, Gilbert, went to work and contributed all of his earnings to the support of his mother and the younger children. He enlisted in the United States army during the war and served for a period of eighteen months, during which time he allotted to his mother $25 per month. After he was discharged from the army and for about a year before his death he contributed to the support of his mother and the younger children the sum of $80 per month. On the 2d of January, 1920, while employed as a driver in a coal mine of the Whitehead Coal & Mining Company (hereafter called coal company), in the city of Henrietta, Oklahoma, he was killed by coming in contact with an uninsulated electric wire in the mine. His body was brought to Sebastian County, Arkansas, for burial. Soon thereafter Mary Winton, his mother, informed the coal company of the facts as above stated. The coal company carried life insurance for its employees with T. H. Mastin & Company of Kansas City, Missouri. After the coal company was informed of the death of Gilbert Groschner and the facts as above stated, a representative of that company entered into negotiations with Fred Groschner, Gilbert's father, who lived

at Mansfield in Sebastian County, Arkansas, as a result
of which Fred Groschner took out letters of administra-
tion on the estate of Gilbert Groschner, deceased, and
filed a friendly suit in the Sebastian Circuit Court against
the coal company for damages for the alleged negligent
killing of Gilbert Groschner.

The attorney representing the coal company, who
also represented the insurance company, filed an answer
for the coal company, and Fred Groschner and the coal
company agreed upon a consent judgment in favor of
Fred Groschner as administrator of the estate of Gilbert
Groschner, deceased, and against the coal company in
the sum of $1,791, of which $1,500 was to be paid Fred
Groschner as administrator, after deducting the sum of
$291, which was retained by the coal company to reim-
burse it for the amount paid by it for the funeral ex-
penses of Gilbert Groschner. At the time of his death
Gilbert Groschner was still under the control and cus-
tody of his mother, Mary Winton, and his residence was
in Oklahoma where he was killed. He owned no prop-
erty in Arkansas. Judgment was entered on the 5th day
of March, 1920. On the 9th of March, 1920, at the same
term of the court, Mary Winton filed her motion asking
to be made a party and to appear for the special pur-
pose of setting aside the judgment. In her petition she
alleged substantially the facts as above and further al-
leged that soon after informing the coal company of the
death of her son she received a communication from the
insurance company offering her the sum of $1,500 in set-
tlement of her claim on account of the death of her son,
Gilbert, which she declined to accept. Whereupon, the
coal company fraudulently and illegally procured the
appointment of Fred Groschner as administrator of the
estate of Gilbert Groschner, deceased, for the fraudu-
lent and illegal purpose of unlawfully settling with Fred
Groschner as administrator for the damages, and for the
purpose of defrauding her of her rights. She further
alleged that, in pursuance of this fraudulent purpose, the

suit for damages was begun in the Sebastian Circuit Court, which resulted in the consent judgment as above set out. She alleged that the appointment of Fred Groschner as administrator of the estate of Gilbert Groschner, deceased, by the clerk of the probate court for the Greenwood District of Sebastian County, and the bringing of the suit was all done and procured through fraudulent collusion between the coal company, the insurance company, and Fred Groschner. She prayed that the judgment be set aside and for all proper relief.

Fred Groschner, administrator, answered, setting up that he was the father of Gilbert Groschner, deceased, and that he was duly appointed administrator of his estate. He alleged that Gilbert Groschner always regarded Sebastian County as his home. He admitted that Gilbert was killed while working for the coal company as alleged, but averred that it was the contention of the coal company that he was killed without any negligence on its part, and that his death was brought about by his own contributory negligence, and that he had assumed the risk; that he, as administrator, and the coal company had agreed upon a settlement in the sum of $1,791 for the damages, and that in pursuance of this arrangement suit was brought by him against the coal company for that sum, and that it entered its appearance and confessed judgment. He alleged, however, that this was all done in good faith and that he regarded the settlement as a good settlement of the controverted claim. He denied specifically all the allegations of fraud.

The court heard the testimony and found the facts substantially as above set forth and also found that the attorney, Mr. J. B. McDonough, was free from fraud, which finding we expressly approve. The court therefore entered a judgment vacating the judgment rendered at a former day and striking the case of Fred Groschner as administrator of the estate of Gilbert Groschner, deceased, against the coal company from its docket. From that judgment is this appeal.

The judgment of the court was correct for two reasons. First, the appellant was appointed administrator of the estate of his son, Gilbert Groschner, deceased, by the clerk of the probate court in vacation. This appointment was subject.to the confirmation or rejection of the probate court. Section 1, Kirby's Digest. It is not alleged or proved by the appellant that the appointment of the clerk was confirmed by the probate court before the institution of the action against the coal company in the circuit court and before that court rendered its judgment in his favor. It appears, therefore, from the allegation of the appellee's petition to vacate and her testimony, which is the same as the allegations in her petition, that the administrator had been appointed in vacation by the clerk of the probate court, and that the action was instituted by him after such appointment.

Section 2 of Kirby's Digest provides that "letters testamentary and of administration shall be granted in the county in which the testator or intestate resided; * * * and, if the deceased had no such place of residence and no lands, such letters may be granted in the county in which the testator or intestate died * * *." The undisputed facts show that Gilbert Groschner neither resided nor died in Sebastian County. Therefore, under the above statute, the appointment of appellant as his administrator by the clerk of the probate court was absolutely void. The action to vacate the judgment was not a collateral attack upon the appointment of the administrator by the probate court of Sebastian County, for that court never made or approved such appointment. The question, therefore, does not arise as to whether the action to vacate the judgemnt of the circuit court was a collateral attack upon the judgment of the probate court.

Second, the court was correct in finding that the judgment in favor of the appellant as administrator against the coal company in the circuit court was procured by the collusion and fraud of Fred Groschner as

administrator and the agent of the coal company. If the circuit court had been advised of the facts, which the testimony tended to prove were purposely withheld from the court for the purpose of procuring the consent judgment, that court undoubtedly would not have rendered the judgment in the first place. Being convinced that fraud had been practiced upon it, as the court found, its ruling in vacating such judgment and dismissing the cause was in all things correct. The judgment is therefore affirmed.