WATSON *v.* LESTER.

Opinion delivered October 13, 1930.

*McKay & Smith,* for appellant.
*Henry Stevens,* for appellee.

HUMPHREYS, J. This suit was brought on the 25th day of January, 1929, by appellants against appellee to cancel an administrator's deed to appellee conveying to her the following described lands in Columbia County, Arkansas, to-wit: Southeast quarter of northwest quarter, section 25, township 17 south, range 23 west; and also the following described tract, to-wit: Beginning at the northeast corner of the southwest quarter of northwest quarter section 25, township 17 south, range 23 west, running west 160 yards; thence south 440 yards;

thence east 160 yards; thence north 440 yards to the point of beginning, all in section 25, township 17 south, range 23 west; and to quiet their title thereto as against appellee, alleging that they owned the land by inheritance, and said deed constituted a cloud upon their title.

An answer was filed by appellee admitting appellant's ownership of the land by inheritance, but alleging that she acquired title thereto by purchase at an administrator's sale thereof against appellants' intestate, from whom they inherited same, to pay a claim against his estate. The facts in the main are undisputed and are as follows:

Etta Green is the widow and the other appellants are the children of Elmond Green, who died intestate in the year 1921, at his known place of residence in Lafayette County, the owner of said real estate. He had resided in Lafayette County for many years with his family prior to his death, never having resided in Columbia County after his boyhood. During most of the time he lived upon lands in Lafayette County belonging to Henry B. Lester, appellee's husband. About five years after the death of Elmond Green, Henry Lester transferred a claim or an account for rent against Elmond Green, deceased, to his wife, the appellee herein. Appellee filed an application for the appointment of W. B. Stevens as administrator of the estate of Elmond Green, deceased, and filed an affidavit with the clerk of the probate court of Columbia County to the effect that the account for rent was due Henry Lester by Elmond Green at the time of his death. Appellee and her husband, Henry Lester, signed the bond of W. B. Stevens and letters of administration upon the estate of Elmond Green were issued to him. Appellee then filed a claim with said administrator for the rent which had been assigned or transferred to her by her husband, and the claim was allowed by the administrator. A petition was then filed for an order of sale for the lands in question, and they were ordered sold by the probate court of Columbia County in March, 1928,

without any notice whatever to appellants, and at the sale thereof appellee purchased the lands and obtained the deed therefor which is sought to be canceled.

Under the undisputed facts stated above, the only court authorized to issue letters of administration on the estate of Elmond Green, deceased, was the probate court in Lafayette County, as the intestate resided in that county at the time of his death. Had an appeal been prosecuted from the probate judgment of Columbia County appointing the administrator, the judgment would have been set aside as § 5 of Crawford & Moses' Digest concerning the appointment of administrators is mandatory. Upon collateral attack, however, the judgment and order of sale cannot be set aside as the presumption must be indulged that the probate court made the necessary findings to give it jurisdiction. There is nothing on the face of the judgment or order of sale showing to the contrary. Appellants' collateral attack upon the judgment, order of sale and deed on the ground that the judgment was void *ab initio* can not therefore be sustained. The decree, however, should have been canceled upon another ground, for the undisputed facts reflect that a fraud was necessarily perpetrated upon the court in the procurement of the judgment and order of sale by appellee. Fraud vitiates everything. According to the undisputed facts in the instant case, appellee knew that Elmond Green resided in Lafayette County at the time of his death. She did not take an assignment of the account for rent until five years after Elmond Green's death. She did not procure an administration on Elmond Green's estate until two years thereafter, or about seven years after his death. She must have made it appear to the probate court of Columbia County that Elmond Green was a resident of Columbia County at the time of his death, else the court would not have appointed an administrator and made an order of sale in Columbia County. Another potent fact is that she gave no notice of the proceedings for the application of an administrator to ap-

pellants, and did not notify them that she was about to sell their land under administration proceedings..

Appellee attempts to sustain the judgment, order of sale and deed under act number 263 of the Acts of 1919 of the Legislature. (Crawford & Moses' Digest, § 181). The act is not applicable to the instant case because the findings of the court did not meet the requirements of the act.

The judgment is reversed, and the cause remanded with directions to the chancery court to cancel the deed and to remove same as a cloud on the title of appellants to said land.

SMITH and KIRBY, JJ., dissent.