NORTON *v.* PURKINS, JUDGE.

4-6551                                          157 S. W. 2d 765

Opinion delivered January 19, 1942.

*Rowell, Rowell & Dickey,* for petitioner.

*Orion E. Gates* and *Max M. Smith,* for respondent.

GREENHAW, J. The petitioners, E. R. Norton, A. G. Wheeler and W. S. Fox, partners trading under the firm name of Norton-Wheeler Stave Company, and Bert McCarthey filed here their petition for a writ of prohibition against the Hon. DuVal L. Purkins, judge of the Cleveland circuit court, and as grounds therefor alleged the following facts:

That Z. H. Hudson filed a complaint against them in the Cleveland circuit court alleging that while employed by Norton-Wheeler Stave Company as a truck driver, he received a personal injury on January 14, 1939, in Ouachita county, Arkansas, due to the negligence of the defendants, petitioners herein. Summonses were issued by the clerk of the Cleveland circuit court for the partners composing the Norton-Wheeler Stave Company and forwarded to the sheriff of Jefferson county, where they were served. In like manner summons was issued by said clerk directed to the sheriff of Ouachita county for Bert McCarthey and served upon him by said sheriff. Thereafter, a motion to quash the service on all of the partners was filed in the Cleveland circuit court, alleging that the petitioners Norton, Wheeler, and Fox were on January 14, 1939, and have been continuously thereafter citizens and residents of

Jefferson county, and that the petitioner Bert McCarthey was during all of said time a citizen and resident of Ouachita county, and that said partners were served in Jefferson county and McCarthey in Ouachita county, and further alleging that the said Z. H. Hudson, the plaintiff in said suit, was at the time of the alleged injury residing at Bearden, Ouachita county.

Petitioners further contended that the Cleveland circuit court had no jurisdiction for the reason that the personal injury occurred in Ouachita county and the plaintiff resided there at the time of the injury, and therefore under act 314 of 1939, known as the Venue Law, which is applicable in this case, only the circuit court of Ouachita county had jurisdiction, and service of said summons should be quashed.

On July 31, 1941, at a hearing before Hon. DuVal L. Purkins, the motion to quash service was overruled. Several witnesses testified at the hearing. A number of witnesses testified that the plaintiff, Z. H. Hudson, was residing with his wife and children in a rented house in Bearden, Ouachita county, and had been for some time prior to his alleged injury in January, 1939.

The plaintiff, Hudson, testified that he was 35 years of age, was born and reared in Cleveland county and followed the occupation of hauling logs and other timber, in which he had been engaged for about 20 years. He contended that his home had always been in Cleveland county, although he admitted that he was living in Bearden at the time of his injury, in a house rented from Mr. Vaughn, and that his wife was with him part of the time and one of his children, who was of school age, was in school at Bearden. He went to Bearden in June or July, 1937, to work for Norton-Wheeler Stave Company. After working there about six months he was transferred to Pine Bluff where he worked for the same company for about the same time, and was then transferred back to Bearden in August or September, 1938, and remained there until following the alleged injury. He did not own any land, but did own some household property. The last poll tax he had paid

was in Cleveland county in 1935 or 1936. He had a house rented from his brother-in-law in Cleveland county during the time he was living at Bearden, Ouachita county, and the Cleveland county house contained a cook stove, bed and table.

Dick White, the brother-in-law of Hudson, and from whom Hudson rented a house in Cleveland county, testified as follows:

"Q. Did he ever live in that house? A. Yes, sir, and made a crop there. Q. When was the last year he made a crop? A. 1935. Q. Do you remember when he was supposed to be living down in Ouachita county? A. Yes, sir. Q. What year was that? A. From 1937. Q. From 1937 through 1939? A. Yes, sir. Me and my wife went down there one week-end and taken a bunch of pictures of big logs."

White further testified that while Hudson was living at Bearden he rented a house from witness and kept some household goods in it and had the house rented in January, 1939, when he was injured. Hudson's wife and children were with him in Bearden, but he did not know for what period of time they were in Bearden.

The superintendent of schools at Bearden testified that Joe Hudson, a child of the plaintiff, attended school at Bearden from September, 1938, until January 28, 1939, having had 105 days' attendance.

It would unnecessarily extend this opinion to attempt to quote all of the testimony introduced at the hearing with reference to the residence of Hudson. There was little conflict in the testimony, and we have concluded that Hudson resided at Bearden, Ouachita county, at the time of his alleged injury.

The circuit judge held that the plaintiff was injured in Ouachita county, and at that time had a temporary residence there. He held as a matter of law that "resided," as used in act 314, contemplates the place of one's permanent abode, and further held that Hudson's permanent abode and residence was Cleveland county.

The petition for prohibition was filed with the clerk of this court during the 1941 summer vacation, and on August 4, 1941, a temporary writ was granted.

The applicable part of § 1 of act 314 reads as follows: ''All actions for damages for personal injury or death by wrongful act shall be brought in the county where the accident occurred which caused the injury or death, or in the county where the person injured or killed resided at the time of injury . . .''

We cannot agree with the construction which the circuit judge placed upon the word ''resided'' in act 314. We do not think that ''resided,'' as used in this act, necessarily means one's permanent abode or legal residence or domicile.

In the case of *Smith* v. *Union County*, 178 Ark. 540, 11 S. W. 2d 455, this court cited and quoted from the case of *Krone* v. *Cooper*, 43 Ark. 547, where the court, after reviewing many cases discussing the meaning of residence, domicile and citizenship, said: ''We may conclude from the cases that, in contemplation of the attachment laws, residence implies an established abode, fixed permanently for a time for business or other purposes, although there may be an understanding existing all the while to return at some time or other to the principal domicile; but so difficult is it found to provide a definition to meet all the varying phases of circumstances that the determination of this question may present, that the courts say that, subject to the general rule, each case must be decided on its own state of facts.''

This court further said in the case of *Smith* v. *Union County, supra*: ''Residence, as used in § 9890, Crawford & Moses' Digest, means the place of actual abode, and not an established domicile or home to which one expects to return and to occupy at some future date.''

In the case of *Shelton* v. *Shelton*, 180 Ark. 959, 23 S. W. 2d 629, this court, in referring to the case of *Smith* v. *Union County, supra,* and other cases, said: ''It will be seen from these cases that residence and domicile are not to be held synonymous; that a man may have a residence in one state or county, and he may

be a non-resident of the state of his domicile in the sense that the place of his actual residence is not there."

The undisputed evidence showed that plaintiff, Hudson, went to Ouachita county to engage in work which petitioners were having performed there. He and his wife and children lived in the town of Bearden for a period of time which witnesses variously estimated to be from a few months to around two years, and one of his children was in school there and had been for four months or more prior to the alleged injury. Even though Hudson claimed Cleveland county as his legal domicile with the fixed intention of ultimately returned there, still we are constrained to hold, from the facts in evidence, that he was a resident of Ouachita county on the date of his alleged injury within the meaning of the Venue Act, *supra,* and that the circuit court of Ouachita county is the only court which has jurisdiction of his alleged cause of action.

The case of *Ft. Smith Gas Co.* v. *Kincannon, Judge,* 202 Ark. 216, 150 S. W. 2d 968, carefully reviews the purpose and application of act 314. The place of residence of the plaintiff in that case, however, was not in dispute.

Having found that plaintiff Hudson at the time of his alleged injury was a resident of Ouachita county within the meaning of act 314, and since the alleged injuries occurred in Ouachita county, the Cleveland circuit court is without jurisdiction to proceed with the trial of this case, and the temporary writ of prohibition heretofore granted in this cause is hereby made permanent.