SMITH, ADMINISTRATOR *v.* RUDOLPH, ADMINISTRATOR.

5-61                                                         256 S. W. 2d 736

Opinion delivered April 6, 1953.

Rehearing denied May 4, 1953.

*O. W. (Pete) Wiggins* and *Melbourne M. Martin,* for appellant.

*Quinn Glover* and *Rose, Meek, House, Barron & Nash,* for appellee.

J. SEABORN HOLT, J. Mary Elizabeth Smith and Lilburne C. Smith were married December 4, 1950. A

decree of divorce was granted to Mary Elizabeth in Pulaski County (their residence at the time) January 29, 1952, and also the care and custody of their only child (a little girl) Janet Elizabeth, who was about three and one-half months old. February 14, 1952, Mary Elizabeth and her mother left Gurdon for Arkadelphia (Clark County), in an automobile owned by F. H. Rudolph (Mary Elizabeth's father) and on the way, another car going in the opposite direction, collided with the Rudolph car, killing Mary Elizabeth and seriously and permanently injuring her mother.

March 25, 1952, on an unverified petition of appellant alleging that Mary Elizabeth, at the time of her death, was a resident of Pulaski County, the Pulaski Probate Court appointed appellant administrator of her estate and at the same time approved a contract of employment entered into between appellant and his attorneys. Thereafter, on April 4, 1952, appellee, F. H. Rudolph, in a verified petition, applied for letters of administration in the Clark Probate Court on the estate of his daughter, Mary Elizabeth, alleging that, at the time of her death, she was a resident of Gurdon in Clark County. The Clark Probate Court granted his petition and appointed him administrator.

April 9, 1952, appellee, F. H. Rudolph, intervened in the Pulaski Probate Court proceedings asking that the order above appointing appellant, Lilburne C. Smith, administrator, be vacated and set aside for the reason that, at the time of her death, Mary Elizabeth was a resident of Gurdon, Clark County, and that the Pulaski Probate Court was without jurisdiction.

Upon a hearing, the Pulaski Probate Court held that at the time of Mary Elizabeth's death, she was not a resident of Pulaski County, but in fact a resident of Clark County and that the Pulaski Probate Court was without jurisdiction to appoint appellant administrator. Accordingly, the Court voided its previous order of March 25, 1952, and also voided the attorneys' contract. This appeal followed.

902

As we view this record, the primary and decisive question presented is that of jurisdiction, which depends on the residence of Mary Elizabeth at the time of her death.

Section 62-2102, Ark. Stats. 1947, a. (1) provides: "The venue . . . for administration shall be: (1) In the county in this state where the decedent resided at the time of his death." Therefore, if Mary Elizabeth were in fact a resident of Clark County at the time of her death, then the administrator of her estate must be appointed in Clark County. The probate court of any other county would have no jurisdiction other than ancillary. The above provision of the statute is mandatory. *Shelton* v. *Shelton,* 180 Ark. 959, 23 S. W. 2d 629, and *Watson* v. *Lester,* 182 Ark. 386, 31 S. W. 2d 955.

Here, the Pulaski Probate Court, on a direct attack by appellee (Rudolph) on its jurisdiction, found that Mary Elizabeth was a resident of Clark County at the time of her death and that the Clark Probate Court was the only court having jurisdiction.

We have concluded that the preponderance of the testimony is not against the court's finding and judgment.

The evidence shows that at the time that Mary Elizabeth procured her divorce decree, her father sent a truck to Little Rock for her possessions and a car for her. She immediately removed everything she possessed to her father's home in Gurdon, where she lived until her death. Mary Elizabeth's aunt, Miss Edna Rudolph, testified that when Mary Elizabeth left Little Rock she told her she was going to reside with her parents. Mrs. Bates of Morrilton testified Mary Elizabeth told her in a letter that she was going to live with her parents. Mrs. Keyes of Gurdon, a former schoolmate of Mary Elizabeth, and Mrs. Jean H. Rudolph, an aunt, tended to corroborate the above testimony. Mary Elizabeth's Income Tax Return, filed January 21, 1952, gave her home address as "c/o F. H. Rudolph, Gurdon, Arkansas." In an application for "Federal Employment" about January 17, 1952, Mary Elizabeth gave her address as "care

of F. H. Rudolph, Gurdon, Arkansas," and expressed her desire for employment at "Camp Chaffee, Arkansas." She gave as a reason for wanting employment "necessary to support self and daughter," and in answer to the question: "If you will accept appointment in certain locations only, give acceptable locations," she wrote: "In State of Arkansas outside Pulaski County."

Residence being a matter of intention, we hold, as indicated, that the preponderance of the testimony is not against the court's finding that Mary Elizabeth was a resident of Clark County at the time of her death.

But, says appellant, F. H. Rudolph, Mary Elizabeth's father was a disinterested party and disqualified to act as administrator of his daughter's estate. We do not agree. Section 62-2201, Ark. Stats. 1947, a. enumerates all persons qualified to serve as an administrator under four subdivisions, No. (4) providing: "To any other qualified person." Div. b. enumerates in six subdivisions: "All persons who are disqualified to serve" and appellee, we hold, does not fall within any of the disqualifications. We hold that appellee here, in the circumstances, is qualified to serve as administrator in the Clark Probate Court under a. (4) above. It follows, therefore, that, as a legally appointed administrator, it is his duty, in his official capacity, to assemble all assets of his daughter's estate, institute any and all litigation for the benefit of such estate, and administer thereon as the law directs.

Affirmed.

Justice George Rose Smith not participating.