MURRY *v.* MANER.

5-1770                                                   320 S. W. 2d 940

Opinion delivered February 23, 1959.

*Fred E. Briner* and *Shaver, Tackett & Jones,* for petitioner.

*Joe E. Purcell,* for respondent.

JIM JOHNSON, Associate Justice. Petitioners, Raymond Murry and Bill Pender, were on April 9, 1958, residents of Foreman, Little River County. They, along with Miller Calvin Burrow, were, on the 17th day of March, 1958, employees of the Henry Kaiser Engi-

neering Company, which was engaged in the construction of a cement plant in Foreman.

On the 9th day of April 1958, Miller Calvin Burrow filed a personal injury suit in the Circuit Court in Saline County against Raymond Murry and Bill Pender.

It is alleged in substance that the plaintiff was, at all times therein mentioned, a resident of Saline County, and that on or about the 17th day of March 1958, plaintiff, who was sick, in an injured condition, and unable to defend himself, was asleep in his room at a rooming house in Foreman when the defendants unlawfully and forcibly entered plaintiff's room and attacked the plaintiff, causing alleged injuries.

On the 28th day of April, 1958, the defendants filed a motion to dismiss in the Circuit Court of Saline County, alleging, in substance, that they were specially appearing for the motion only and without entering their general appearance, and that plaintiff was residing at the time of the alleged assault in Foreman, Little River County, and had been for several months prior to said time and did reside in said county for approximately one month after the alleged assault occurred. That the court was without jurisdiction to try the cause because the venue was not in Saline County but was in Little River County. The motion prayed for dismissal of the complaint, and further, that if the court should deny the motion to dismiss that it be treated as a motion to transfer the cause to the Circuit Court of Little River County.

A hearing was held on the motion and facts disclosed were in substance as follows:

Plaintiff was, at the time he received the injuries complained of, temporarily working at Foreman in Little River County as a truck-foreman on the Kaiser Engineering Construction job. His home at the time was situated on 80 acres of land in Saline County, where he and his family had lived continuously since 1949. At the time of his injuries he had worked about five weeks on the construction job at Foreman, approximately 158 miles from his home in Saline County. Plaintiff would leave home Monday of each week at about three o'clock

a. m. and drive to Foreman in his pickup truck, reporting to work at eight o'clock a. m. He carried with him to Foreman only his work clothes and shaving articles, together with one change of dress clothes that were used for eating off the job. His work week in Foreman consisted of five days and he would leave for his home in Saline County on each Friday at four-thirty o'clock p. m. During the four nights that he remained in Foreman each week he rented a furnished room at the rental of $1.25 per night. His family was never with him at Foreman but remained at the family home in Saline County, where two of the children were in school. His wife laundered his clothes each weekend when he returned home. All of plaintiff's tax receipts, including poll taxes, driver and automobile licenses, reflected that he was a resident of Saline County. Petitioners admit that he was domiciled in Saline County.

Prior to the construction job at Foreman, plaintiff had worked at the Jacksonville Air Force Base, at Bauxite, and at Arkadelphia on construction jobs.

The trial court overruled the motion to dismiss, and the plea to transfer, and granted petitioners twenty days to file an answer. A Petition for Writ of Prohibition was then filed in this Court, relying on one point for granting said writ.

"The Little River County Circuit Court rather than the Saline County Circuit Court has jurisdiction of this personal injury action."

Section 1 of Act 314 of the Acts of 1939 (Ark. Stats. Sec. 27-610) provides that a plaintiff may file his suit for personal injuries either in the county where the injury occurred or in the county where he resided at the time of the injury. The only question before this Court is whether or not plaintiff, Miller Calvin Burrow, resided in Saline County within the meaning of Act 314 at the time he received the injuries complained of. The trial judge ruled that he did reside in Saline County within the meaning of Act 314.

It is a well settled rule of this Court that prohibition is not the proper remedy when the trial court's

jurisdiction depends upon a disputed question of fact. *Capital Transportation Co.* v. *Strait,* 213 Ark. 571, 211 S. W. 2d 889.

The ruling of the trial judge in the case at bar follows the rule announced by this Court in *Burbridge, Trustee* v. *Redman,* 211 Ark. 236, 200 S. W. 2d 492, wherein, in construing Act 314, we held that a construction worker injured in Pulaski County, who at the time of the injury was temporarily working on a construction job in Ouachita County, spending the week nights there in naval barracks near his work, but who owned a home in Conway County where his wife and two children lived and where a seven-year-old daughter was in school, could not maintain an action for personal injuries in Ouachita County because although he worked in Ouachita County and spent his week nights there near his work, he nevertheless did not reside in Ouachita County within the meaning of Act 314 but rather for the purpose of the venue statute he resided in Conway County where his home and family were located.

Factually, this case and *Burbridge, Trustee* v. *Redman, supra,* are almost identical. We find that there is substantial evidence to support the ruling of the trial court. Accordingly, Writ of Prohibition is denied.