HARVEY A. BELFORD *v.* ELMO TAYLOR, JUDGE

5-3985                                    406 S. W. 2d 868

Opinion delivered October 17, 1966

*John D. Eldridge,* for petitioner.

*Fletcher Long,* for respondent.

GUY AMSLER, Justice. The capable attorneys in their statements have fairly outlined the issue and undisputed facts. Petitioner's attorney recites these facts:

"This is a proceedings for a Writ of Prohibition against Elmo Taylor, Circuit Judge of the First Judicial Circuit, to prohibit that court from taking jurisdiction of an action filed by one Brenda Humphrey against the petitioner, Harvey A. Belford, being Cause No. 6553 in said Woodruff Circuit Court.

"The sole question being decided by this court is whether Brenda Humphrey, at the time of the accident and injury complained of, resided in Woodruff County as the term is used in Ark. Stat. Ann. § 27-610 (Repl. 1962).

"On June 3, 1965, Brenda Humphrey was driving her automobile on U. S. Highway 70 between Memphis and West Memphis in Crittenden County when it was collided with by an automobile driven by Har-

vey A. Belford of Pocahontas [Randolph County, Arkansas.] Brenda Humphrey secured employment with the General Electric Plant in Memphis in April, 1961 and worked continuously for that company until the time of the accident in June, 1965. During all of that time she lived either in apartments or rooming houses in West Memphis, Crittenden County, Arkansas. On most weekends she would return to her parents' home in McCrory, Woodruff County, Arkansas. Her driver's license was issued in Woodruff County and in most of the years she assessed and paid her personal property taxes in Woodruff County. She voted absentee ballot in Woodruff County.

"Her address on her income tax return and on her W-2 forms and at her employer's office was given as her address in West Memphis. She would save up her soiled clothing and carry it home to McCrory each week, picking up clean clothing and taking it back to West Memphis. She paid rental on a monthly or weekly basis at her various places of abode in the City of West Memphis. When she was first admitted to the hospital in West Memphis following the accident her address was given as 204 East Cooper, West Memphis, Arkansas, and upon re-admission this was changed to show her address as McCrory, Arkansas."

Counsel for respondent added:

"During the time she was working in Memphis, and during the time which petitioner claims she established a residence in West Memphis, lived only in furnished rooms and apartments. She at all times ate her meals at a restaurant, with rare exceptions when she was invited out to the home of a couple she knew there, she kept her winter clothes in McCrory during the summer, and her summer clothes in McCrory during the winter. She was furnished in her various rooming houses and apartments in West

Memphis with linens, towels, and did not so much as own any of the pictures on the walls or other decorations in her room.

"Her automobile registration and her driver's license during the two or three years immediately preceding this collision were issued in Woodruff County and showed Woodruff County as her address.

"Her time spent in West Memphis consisted in Sunday, Monday, Tuesday, Wednesday and Thursday nights of each week, and her time spent in McCrory consisted in Friday nights, Saturdays, and Sundays. So far as the record shows, she never acquired any friends or close acquaintances in West Memphis while she had employment in Memphis. The West Memphis address given her employer was for purposes of receiving company bulletins and tax forms, and this address was required by her employer because they wanted the address where she stayed during working hours."

The sole question is whether the trial court correctly held that respondent was a resident of Woodruff County within the purview of our venue statute, *supra.*

The attorneys have fully analyzed, and compared most of our decisions dealing with the venue act since the legislation was enacted in 1939. *Norton* v. *Purkins, Judge,* 203 Ark. 586, 157 S. W. 2d 765; *Wilhelm* v. *Taylor,* 236 Ark. 85, 346 S. W. 2d 674; *Fort Smith Gas Company* v. *Kincannon,* 202 Ark. 216, 150 S. W. 2d 968; *Twin City Coach Co.* v. *Stewart,* 209 Ark. 310, 190 S. W. 2d 629; *Missouri Pacific* v. *Lawrence,* 215 Ark. 718, 223 S. W. 2d 823; *Burbridge* v. *Redman,* 211 Ark. 236, 200 S. W. 2d 492; *Murry* v. *Maner,* 230 Ark. 132, 320 S. W. 2d 940 (1959).

*Twin City Coach Co.* v. *Stewart, supra,* involved the death of an 18 year old girl (respondent here is 24)

who worked in Fort Smith (Sebastian County) six days a week, sharing a rented apartment with some other girls, where she kept her clothes. Nearly every weekend, after working six days, the decedent returned to Booneville (Logan County) where her parents lived, bringing along her soiled clothes so that she and her mother could launder them. In the early spring of 1944, the building in which she worked was closed for repairs and she spent the time during closure with her parents. There was no proof of payment of taxes, procuring driver's license or ownership of property.

Miss Stewart lost her life in a collision that occurred in Sebastian County. Her administrator sued in Logan County. The question of residence arose and we held that Logan County was the proper forum under our venue act.

In comparing the instant case with Twin City there are two differences to which we do not accredit major significance. The respondent had been in West Memphis (Crittenden County) somewhat longer than Miss Stewart had worked in Fort Smith and Miss Stewart had attained her majority only a short time before her demise while Miss Humphrey is several years older. On the other hand Miss Humphrey had assessed property, paid poll and property taxes and voted in Woodruff County.

As early as 1884 we said that each case of this type (dealing with residence) must be decided on its own state of facts. *Krone* v. *Cooper,* 43 Ark. 547.

Generally in a case where venue is questioned there must be a determination on the facts. In *Murray* v. *Maner, supra,* we stated the well settled rule of this court that prohibition is not the proper remedy when the trial court's jurisdiction depends on a disputed question of fact. One of the virtues of this rule is that a litigant by protecting his record throughout the trial may give the court the benefit of all the facts before the issue is ruled on.

224

The able trial judge concluded that venue lies in Woodruff County. We give persuasive weight to his conclusion and are unwilling to say that petitioner has discharged the burden of proving that respondent is not a resident of Woodruff County.

Petition denied.