Mrs. Mike KARRAZ *v.* H. A. TAYLOR, Judge

75-383                                              535 S.W. 2d 840

Opinion delivered May 3, 1976

*Brockman, Brockman & Gunti,* by: *E. W. Brockman Jr.,* for petitioner.

*Wayne Matthews,* Prosecuting Attorney, 11th Judicial Circuit, for respondent.

ELSIJANE T. ROY, Justice. The City of Pine Bluff (hereafter City) filed a complaint in chancery court alleging ownership of certain real property. Mrs. Mike Karraz, appellee in that action and appellant/petitioner herein, answered claiming ownership of the contested property based upon adverse possession. The City appealed from a decree favorable to Mrs. Karraz, but the case has not yet reached this court.

The City then filed an eminent domain action in the circuit court alleging appellant/petitioner was the "apparent owner" of the contested property and that the City needed immediate possession of this property to avoid interruption in its street improvement and construction program. In addition to possession the complaint sought alternative relief, requesting that if the Arkansas Supreme Court reversed the chancellor's holding in favor of Mrs. Karraz and vested title in the City, then that the money deposited in the circuit court proceeding be returned to the City.

The circuit court decided the issues in favor of the City, and its order authorizing entry on the lands in pertinent part stated:

> It is considered, ordered and adjudged that immediate possession of the tracts of land designated and described in the Complaint filed herein should be given to the plaintiff upon the *deposit by the plaintiff in the Registry of this Court an amount adequate for the purposes of making compensation and paying any damages which may be assessed against the municipality. . . .*
> (Italics supplied.)

The court approved a deposit in the registry of the court as follows:

> Property herein described, Mrs. Mike Karraz apparent owner and Unknown Owners, $525.00. Said sum to remain in the deposit of the Court until such time as a final adjudication of this cause be had upon appeal to the Arkansas Supreme Court, and a final determination be made as to the interest of the parties in said property

and the entitlement to such sum.

Petitioner filed an answer and motion asking that the complaint of plaintiff be dismissed, and also filed a demurrer raising the question of jurisdiction. The court overruled both the motion and the demurrer. Mrs. Karraz then filed a petition for writ of prohibition which is before us now.

Appellant cites several cases in support of her contention that a condemnor, by initiating condemnation proceedings, admits ownership in the condemnee. We find no fault with the law expressed in those cases, but do not find them controlling as to the peculiar factual situation here. One of appellant's cited cases is *Ark. State Highway Comm.* v. *Roberts,* 248 Ark. 1005, 455 S.W. 2d 125 (1970), which is not pertinent as it involved the intervention of remaindermen excluded from the terms of a condemnation settlement.

Neither can appellant find help in the cited case of *City of Englewood* v. *Reffel,* 173 Colo. 203, 477 P. 2d 361 (1970), as there was no allegation in the complaint which put in issue the ownership of the property sought to be condemned. The complaint alleged unqualified ownership in the condemnee, not "apparent ownership" as we have in the case at bar.

Appellant also cites Nichols on Eminent Domain, § 5.2, Vol. 2, pp. 37-38, which notes:

> . . .[T]he petitioner may be estopped from showing that title is in the public or in itself, by dedication, prescription or otherwise, *if it has alleged in its petition that the respondent is the owner.* \* \* \* (Italics supplied.)

However, here the City has alleged in its complaint that the respondent is the "apparent" owner and has not pled that the unqualified title is in the appellant/petitioner. The court considered not only the need of the City for the property, but by its order has protected the property owner and no unreasonable delay can result since the appeal from chancery court to this court is already in process.

Neither do we perceive the City's action to be an effort to

circumvent the appeal from the chancery court. The condemnor by its complaint in a different tribunal was merely seeking immediate access to the condemned land. No determination as to title was even requested in the circuit court proceeding. A bond was deposited in the court registry to protect appellant's potential interest. We find pertinent the following quotation from Nichols, *supra*, § 5.2, Vol. 2, p. 39:

> * * * The petitioner is not barred from denying title of a claimant by the fact that it has made him a party respondent, *if it is alleged in the petition that his title is doubtful or disputed.* * * * The question of title is theoretically preliminary to the assessment of damages, but the petitioner is not obliged to delay condemnation until a final decision upon the title. . . (Italics supplied.)

Here, a delay could work considerable harm to the City's construction timetable, as indicated by the circuit judge.

Further, Ark. Stat. Ann § 35-906 (Repl. 1962) states in pertinent part:

> * * * No delay in making an assessment of compensation or in taking possession shall be occasioned by any doubt which may arise as to ownership of the property, or any part thereof, or as to the interest of the respective owners; but in such cases the Court shall require deposit of the money allowed as compensation for the whole property in dispute; and, in all cases, as soon as a corporation shall have paid the compensation assessed, or secured the payment by deposit of money under the order of the Court, possession of the property may be taken and the public work or improvement progress.

The action of the trial court is in accord with and effectuated the intent of the Legislature as embodied in Ark. Stat. Ann. § 35-906.

Furtheremore, a writ of prohibition is "an extraordinary and discretionary writ, used cautiously [citations omitted]. It is never granted unless the applicant therefor is clearly en-

titled to the relief and the tribunal against which it is sought is wholly without jurisdiction." *Roberts, supra.*

We find the court's action here in allowing the entry and in granting the alternative relief to be well within the bounds of its authority to hear eminent domain proceedings.

Writ denied.

BYRD, J., dissents.