Earnest Lee WADE *v.* STATE of Arkansas

CR 78-143                                                            571 S.W. 2d 231

October 2, 1978
(In Banc)

Petitioner, *pro se.*

*Bill Clinton,* Atty. Gen., by: *Joyce Williams Warren,* Asst. Atty. Gen., for respondent.

## PER CURIAM

On June 18, 1974, petitioner was incarcerated in the penitentiary for a term of 15 years. On June 17, 1977, pursuant to an allegedly forged court order, petitioner was released from custody. On October 6, 1977, petitioner was returned to the custody of the Arkansas Department of Correction. On October 28, 1977, petitioner was charged by information in the Lincoln County Circuit Court with second degree escape and second degree forgery and in the Jefferson County Circuit Court with furnishing implement for escape. Petitioner states that he was notified of these charges by prison officials on November 1, 1977. Petitioner now has filed a pro se petition for writ of prohibition in this Court alleging that the Lincoln and Jefferson County Circuit Courts should be barred from prosecuting the above charges for failure to bring petitioner to trial within two terms of court, as provided for in Criminal Procedure Rule 28.1(a).

Prohibition is an extraordinary and discretionary writ and should be used cautiously. It should never be granted unless the petitioner is clearly entitled to relief and the court against which it is sought is wholly without jurisdiction. *Ark. State Highway Comm'n* v. *Roberts,* 248 Ark. 1005, 455 S.W. 2d 125 (1970) and *Karraz* v. *Taylor, Judge,* 259 Ark. 699, 535 S.W. 2d 840 (1976). Prohibition is not a proper remedy when the jurisdiction of the trial court depends on a disputed question of fact. *Belford* v. *Taylor,* 241 Ark. 220, 406 S.W. 2d 868 (1966).

Criminal Procedure Rule 28.1(a) provides:

Any defendant charged with an offense in circuit court and committed to a jail or prison in this state shall be brought to trial before the end of the second full term of court, but not to exceed nine (9) months, from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

The terms of court in the Lincoln County Circuit Court begin on the second Mondays in February and September. The terms of court in the Jefferson County Circuit Court begin on the first Mondays in March and October. Petitioner was charged during the September 1977 term in Lincoln County and the October 1977 term in Jefferson County. "Proper construction of the statute contemplates two terms of court passing *in addition to the term in which the defendant is indicted." Randle* v. *State,* 257 Ark. 232, 516 S.W. 2d 6 (1974). Therefore, the first term of court began to run in Lincoln County on the second Monday in February and in Jefferson County on the first Monday in March. The second term of court began to run in Lincoln County on the second Monday in September and will not end until February 1979. The second term of court will begin to run in Jefferson County on the first Monday in October and will not end until March 1979. Accordingly, there has been no failure to bring petitioner to trial within two terms of court. However, Rule 28.1(a) also provides that the time a defendant shall be brought to trial shall not exceed nine (9) months. If no periods of necessary delay have occurred, petitioner has not been brought to trial within the nine month period. However, the State alleges that petitioner caused one period of delay when his counsel was relieved and that petitioner has failed to allege whether any excluded periods of time provided for in Rule 28.3 have occurred. Accordingly, the State contends there are issues of fact to be determined regarding the computation of time; therefore, a writ of prohibition will not lie. We agree.

In addition, Criminal Procedure Rule 30.1 provides:

(a) . . . .

(b) An incarcerated defendant not brought to trial before the running of the time for trial as provided by

Rules 28.1-28.3 shall not be entitled to absolute discharge pursuant to subsection (a) hereof but shall be recognized or released on order to appear.

(c) The time for trial of a defendant released pursuant to subsection (b) hereof shall be computed pursuant to Rules 28.1 (b) and 28.2.

Petitioner is not incarcerated pending the adjudication of the charges filed against him in Lincoln and Jefferson Counties but is serving a prior sentence. Therefore, it is ridiculous to contend that he should be "recognized or released on order to appear." That provision would apply to a defendant who is being held in jail pending trial. However, should it be found by the trial court that petitioner is entitled to relief under Rule 28.1(a), he would not be entitled to have the charges against him dismissed, but Rule 30.1(c) would apply, and the time for trial would be computed pursuant to Rule 28.1(b), which provides:

Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Finally, Criminal Procedure Rule 29 provides that special procedures should be applied to defendants who are serving terms of imprisonment. That rule provides:

(a) If the prosecuting attorney has information that a person charged with a crime is imprisoned in a penal institution in the State of Arkansas, he shall promptly seek to obtain the presence of the prisoner for trial.

(b) . . . .

(c) Upon receipt from a prisoner of a demand for trial upon a pending charge, the prosecuting attorney shall promptly seek to obtain the presence of the prisoner for trial.

For all the above stated reasons, petitioner's pro se petition for writ of prohibition is denied.

Petition denied.

BYRD, J., dissents in part.

CONLEY BYRD, Justice, dissenting in part. I concur in the result only because the record demonstrates that petitioner caused the delay by requesting that Pamela Baxter be relieved as his attorney of record. Consequently, two terms of court have not elapsed within the meaning of Ark. Stat. Ann. § 43-1708 (Repl. 1977).

I must disagree with the insinuation that a prisoner can be held in prison without a trial on a pending charge for three full terms of court after the filing of the charge. Hold orders such as the warrants outstanding against petitioner affect the right of a prisoner to good time for good behavior. While appellant's conduct merits no sympathy, we must remember that the criminal laws and procedures apply alike to all persons. If the State can ignore the 9 month speedy trial provision on petitioner, with our approval, then the State can take the same stand when the prisoner is the son of the mayor or the preacher who finds himself in prison on a manslaughter charge arising out of an automobile collision.

To show the callousness of the majority's view, one need only look at how the time is calculated — *i.e.* because the first Monday in October commenced on 10-3-77 and petitioner was not arrested until October 6, 1977, the October 1977 term is not counted. In other words the first full term of court after petitioner's arrest would not lapse until October 2, 1978; the second full term would not lapse until February 5, 1979; and the third full term would not lapse until October 1, 1979. As I calculate the time the majority are holding that a petitioner can be held in prison by the State from October 6, 1977 through October 1, 1979 without denying him a speedy trial while the petitioner is denied all prison privileges including credit for good time.

The trouble with courts prescribing rules of procedure is well demonstrated by the majority view — *i.e.* they can put

on a "white hat" and tell the preacher and the congregation that nobody can be held in prison for more than NINE MONTHS without a trial. Yet the majority can later don a black robe and tell the petitioner's mother that what the court giveth by rule it can take away by interpretation.

For the reasons herein stated, I respectfully dissent.