The Honorable Brad W. Butler Prosecuting Attorney Nineteenth Judicial District P.O. Box 536 Berryville, AR 72616
Dear Mr. Butler:
This is in response to your request for an opinion regarding A.C.A. §7-5-201, as amended by Act 716 of 1993. See A.C.A. § 7-5-201 (Repl. 1993). You state that a number of individuals who own motels and restaurants in the City of Eureka Springs, but who maintain homes outside the city, believe they are entitled to vote in the city. You indicate that this claim is based at least in part on the 1993 act. You have asked, specifically, "what constitutes residency for the purposes of qualifying to vote in a municipal election?" And you have asked whether an individual would in general be entitled to vote under the following circumstances:
 1. An individual owns a home outside the city but owns a business with living quarters in the city where the individual sleeps at least part of the time.
 2. An individual owns a home outside the city and a business in the city but does not sleep at the business or have living quarters at the business.
In response to your first question, A.C.A. § 7-5-201 (Repl. 1933) states as follows:
 (a) To be qualified to vote, a person shall have registered at least (20) calendar days immediately prior to the election and in the manner set forth by the Arkansas Constitution, Amendment 51. The person shall be eligible to vote only in the county in which he resides on the date twenty-one (21) calendar days prior to the election, unless specifically exempted under § 7-5-406.
 (b) Residency shall generally be that place where one lives and works for a period of time, notwithstanding that there may be an intent to move or return at some future date to another place. Persons who are temporarily living in a particular place because of a temporary work-related assignment or duty post, or as a result of their performing duties in connection with their status as military personnel, students, or office holders, shall be deemed residents of that place where they established their home prior to beginning such assignments or duties. No person may be qualified to vote in more than one (1) county at any one (1) time.
It must be initially noted that interpretation of these recent amendments will undoubtedly have to be developed case by case. It may be helpful to note, however, that this language does appear to signal a departure from prior case law in which residence is construed as synonymous with domicile when determining voter qualification. See Charisse v. Eldred,252 Ark. 101, 477 S.W.2d 480 (1972); Ptak v. Jameson, 215 Ark. 292,220 S.W.2d 592 (1949); Wilson v. Luck, 201 Ark. 594,146 S.W.2d 696 (1941); Wheat v. Smith,50 Ark. 266, 7 S.W. 161 (1887). It will be presumed that the 1993 amendments were enacted in view of this judicial history. See generallyMcEntire Sons v. Hart Cotton Co., 256 Ark. 937, 511 S.W.2d 179
(1974). Applying this precept, it is significant to note that where residence is synonymous with "domicile," it generally means "that place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning. . . . The permanent residence of a person or the place to which he intends to return even though he may actually reside elsewhere."Black's Law Dictionary 435 (5th ed. 1979). "Residence" on the other hand, as distinguished from "domicile," ordinarily signifies living in a particular locality without necessarily the intent to make it a fixed and permanent home. "Residence" is defined in Black's as "[p]ersonal presence at some place of abode with no present intention of definite and early removal and with purpose to remain for undetermined period, not infrequently, but not necessarily combined with design to stay permanently." Id. at 1176.
It seems clear from the language of § 7-5-201(b), as added by Act 716 of 1993, that a showing of "domicile" is no longer required in order to establish residency for voter registration. Rather, the phrase "where one lives and works for a period of time" appears to comport more with the usual meaning of "residence," as opposed to "domicile," particularly when read together with the ensuing phrase regarding "an intent to move or return at some future date to another place." This signifies, in my opinion, a recognition that one might have a residence in one place while his domicile is in another. "Residence" in that sense has been construed to mean "an established abode, fixed permanently for a time for business or other purposes, although there may be an intent existing all the while to return at some time or other to the principal domicile. . . ." Kronev. Cooper, 43 Ark. 547 (1884) (regarding the terms "resident" and "nonresident" used in statute governing attachments). Krone has been subsequently cited as offering "an excellent discussion of [`residence']." Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991). While "bodily presence" is obviously required (see Black's, supra), the court in Krone noted that "mere presence" is not sufficient if "unaccompanied by the intention of remaining for a length of time that would give some idea of permanency, . . . though by permanency we are not to understand a determination to stay always." 43 Ark. at 553.[1] See also Shelton v.Shelton, 180 Ark. 959, 23 S.W.2d 629 (1930) (regarding "residence" for issuance of letters testamentary); Smith v. Union County, 178 Ark. 540,11 S.W.2d 455 (1928) (construing term "residence" in statute providing for listing of property for taxation); and Goodwin v. Harrison,300 Ark. 474, 780 S.W.2d 518 (1989) ("residency" under venue statute).
It is my opinion that if faced with the question, a court would in all likelihood construe A.C.A. § 7-5-201(b) with reference to these cases wherein the terms "resident" and "residence" were defined by the court under statutes that offered no further definition. The language of §7-5-201(b) is, in my opinion, sufficiently similar for a court to conclude that this Code section should be interpreted consistent with the judicially developed definition which distinguishes "residence" from "domicile."
With regard to the particular circumstances set forth in your correspondence, it must be noted that eligibility to vote will depend upon the application of the law to the facts as developed with respect to each voter. As stated in Krone, supra:
 [S]o difficult is it found to provide a definition to meet all the varying phases of circumstances that the determination of this question may present, that the courts say that, subject to the general rule, each case must be decided on its own state of facts.
43 Ark. at 551, cited in Shelton, 180 Ark. at 962, and Shinn v. Heath,259 Ark. 577, 584, 535 S.W.2d 57 (1976).
Because the question is of necessity intensely factual in nature, it is difficult to approach the matter from a general or hypothetical perspective. It is my opinion, however, that the inquiry will likely focus on whether the individual actually has an established abode in the city. With regard to the first scenario, the fact that the business has living quarters where the individual sleeps part of the time will not be determinative, in my opinion, if it is not his or her place of actual abode. See cases cited above. Under the second scenario, it seems unlikely that residency will be established where there is no indication that the individual is living in the city for any length of time.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] In Krone, the court held that the debtor was a resident of Walnut Ridge where he spent about three-fourths of his time conducting a partnership contract business, notwithstanding the fact that he had a home or domicile in St. Louis, Missouri where his family resided and which he often spoke of as his home.