STATE of Arkansas *v.* Ronnie LEWIS

CR 79-222                                    596 S.W. 2d 697
Supreme Court of Arkansas
Opinion delivered April 14, 1980

*Steve Clark,* Atty. Gen., by: *Joe M. Rogers,* Deputy Atty. Gen., for appellant.

*Rieves, Rieves & Shelton,* by: *Donald A. Forrest,* for appellee.

DARRELL HICKMAN, Justice. Ronnie Lewis was charged with manslaugher in the Crittenden County Circuit Court. He moved to dismiss the charge because the State did not bring him to trial within three terms of court as required by Rules of Crim. Proc., Rule 28.1(b). The trial court granted the motion.

The State appeals arguing the trial court was wrong in failing to find good cause existed for the delay.

At the outset the State concedes that three full terms of court had run before the motion to dismiss was filed. So we need not consider the usual problem of counting terms that arises in the Second Judicial Circuit. See *Gardner* v. *State,* 252 Ark. 828, 481 S.W. 2d 342 (1972); *State* v. *Knight,* 259 Ark. 107, 533 S.W. 2d 488(1976); *Harkness* v. *Harrison,* 266 Ark. 59, 585 S.W. 2d 10 (1979), and *Alexander* v. *State,* 268 Ark. 384, 598 S.W. 2d 395 (1980).

The landmark case on the question of a speedy trial, a right guaranteed by the United States Constitution, is *Barker* v. *Wingo,* 407 U.S. 514 (1972). Arkansas, cognizant of *Wingo,* has adopted rules regarding the timely prosecution of criminal defendants and those rules are Rules of Crim. Proc., Rules 27 through 30. One of the rules is that a defendant, who is not incarcerated, must be brought to trial before the end of the third term of court or he shall be discharged. Rule 28.1(b). However, in computing time there are excludable periods of delay that are not charged to the State.

One such period is a delay " . . . resulting from congestion of the trial docket when the delay is attributable to exceptional circumstances." Rules of Crim. Proc., Rule

28.3(b). Another is "Other periods of delay for good cause." Rule 28.3(h).

The State argues that both of these circumstances existed in this case and the trial judge was wrong in failing to find they existed.

We review such a finding by a trial judge to see if the trial judge abused his discretion. If we cannot find such to be the case, we must affirm his judgment. *Randall* v. *State,* 249 Ark. 258, 458 S.W. 2d 743 (1970).

Lewis was scheduled for trial September 1, 1978, during a special setting of cases before the end of the September term of court which ended September 18, 1978. Lewis' case was "bumped" off the docket. Three cases were set for trial that day and another criminal case was tried precluding the possibility of trying Lewis. The case was not rescheduled for trial until March, 1979. Before the trial date in March, Lewis filed a motion to dismiss based on Rule 28.1(b). The State filed affidavits showing the number of criminal cases filed, pending and terminated during the period of time in question The deputy prosecuting attorney testified about the congestion of the docket in Crittenden County and the difficulty in timely trying criminal cases. At the request of the prosecuting attorney, the trial judge made a docket entry September 1, 1979, which reads:

> Sept. 1, 1978, case set for trial on this date; both State and defendant had witnesses present and ready for trial but not reached because of another trial.

The deputy prosecuting attorney also testified he thought he had an "oral understanding" with Lewis' counsel that the case would not be set again until a deposition of a doctor had been taken.

Counsel for Lewis related that he had a different view of the oral understanding; that he understood the case would first be set for trial and then the deposition would be taken.

The defendant Lewis never moved for a continuance.

The State never moved for a continuance. The court never ordered the case continued finding that it was necessary because of a congested docket attributable to exceptional circumstances. The court granted the motion to dismiss and in its oral findings said:

I think this case pretty classically demonstrates the undesirability of mixing civil and criminal matters. It may not represent a conflict of interest per se, but it demonstrates the complications arising therefrom.

It is true that the criminal docket in Crittenden County has a rather chronic state of congestion as graphically demonstrated by the fact that this court has just finished three full days of pre-trial matters in which probably 60 to 75 guilty pleas or cases have been disposed of, maybe more, on the basis of negotiated pleas and guilty pleas, but the Legislature has provided that congestion is an excuse from Rule 28 only when it represents an unusual or exceptional circumstance, and the Supreme Court, in *Harkness* v. *Harrison,* which was decided on June 18, 1979, underlined that fact.

The Supreme Court also pointed out, and incidentally that opinion was delivered by Mr. Justice Hickman and concurred in by Chief Justice Harris, Justice George Rose Smith and Justice Byrd. Apparently, it was unanimous as to that division; and pointed out that while the Circuit Court in Crittenden County, or in the Second Judicial District, may be divided up into divisions for election purposes, that doesn't alter the fact that there is only one Circuit Court in Crittenden County, and the Court pointed out that there was no finding that giving precedence to criminal cases was a practice followed by the civil division of the Crittenden County Circuit Court, which is a legal responsibility of the divisions, as well as the criminal division; that there was no finding that the congestion was greater than before or that relief was sought by asking for additional judges.

The Court pointed out that under the law its necessary to give precedence to criminal cases and un-

less there is a finding by the Circuit Judge during each civil division, that a particular case could not be tried, then that term of civil division must be counted for the purpose of determining compliance with Rule 28.

It is the feeling of this Court that under the plain ruling of *Harkness* v. *Harrison* that this case is barred under Rule 28 for not having had a speedy trial as required and must be dismissed pursuant to Rule 30, and the court finds that the case should be, and must be and hereby is dismissed.

Regarding the "oral understanding," the trial judge said:

I still feel that under the *Harkness* case the Court has no choice but to take the action. I realize, Mr. Rogers, you're saying that your understanding with the defense attorney that the case, in effect until the deposition could be taken that would really be treated as an excluded period for Rule 28 purposes. Of course, this court established a rule back in September '77, when disagreements about what the — between lawyers, that lawyers agreed upon, that any oral agreement or any agreement between the lawyers about the trial of a case as to the terms of which the lawyers were in disagreement of what they had agreed upon, that that would be disregarded by the Court unless they are reduced to writing. I am going to deny the motion to reconsider.

It was the burden of the State to prove the delay was legally justified by *Randall* v. *State,* 249 Ark. 258, 458 S.W. 2d 743 (1970).

The court granted the motion finding no excludable periods. A motion to reconsider this judgment was also denied.

The State argues that the fact the case was set for trial September 1st is reason to exclude that whole term of court. There is no provision in any of the rules or any of our cases to exclude a term of court just because a case is set during that

term. Even if the State were granted an additional two weeks of grace because the case was "bumped," it would not be sufficient to justify the delay from September of 1978 until March of 1979.

Incidentally, the State asks us to overrule *Harkness* v. *Harrison,* supra and revert to the law of *Gardner* v. *State* and *State* v. *Knight. Harkness* v. *Harrison,* supra, in addition to dealing with terms of court in Crittenden County, also deals with the problem of whether judges who have been designated to try civil cases are responsible to try criminal cases. We held the relationship is the same. We have reconsidered our decision in *Harkness* and decline to overrule it.

We cannot say the trial court abused its discretion and affirm the order.

Affirmed.

FOGLEMAN, C.J., not participating.