Ronald Dean MATTHEWS et al *v.* STATE of Arkansas

CR 79-162                                                   598 S.W. 2d 58
Supreme Court of Arkansas
Opinion delivered April 28, 1980
Rehearing denied June 2, 1980

*Robert Morehead* and *Bill Bristow,* for appellants.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Chief Justice. On October 27, 1977, the Prosecuting Attorney for the Eleventh Judicial District filed the informations which instituted the actions in which the judgments, from which this appeal was taken, were entered. All the appellants, Ronald Dean Matthews, Johnnie Lewis Thomas, Ronnie Houston Pucilowski and James Andrew Wise were charged with first degree escape, theft of property, kidnapping and being habitual offenders. Matthews and Thomas were charged with first degree battery. The charges arose from incidents which occurred on October 19, 1977, when the appellants attempted to escape from the Cummins Unit of the Arkansas Department of Correction. They were brought to trial on March 26, 1979. All were found guilty of first degree escape, theft of property, kidnapping and of being habitual offenders. They list two points for reversal, viz:

I

THE CONVICTION IN THESE CASES SHOULD BE REVERSED AND DISMISSED BECAUSE OF APPELLANTS' BEING DENIED THEIR CONSTITUTIONAL AND STATUTORY RIGHTS TO A SPEEDY TRIAL.

II

THE TRIAL COURT ERRED IN NOT TAKING MEASURES TO SAFEGUARD APPELLANTS' RIGHTS TO FAIR TRIALS FROM BEING INFRINGED UPON BY PRE-TRIAL PUBLICITY REGARDING PLEAS OF GUILTY FORMALLY ENTERED BY TWO OF APPELLANTS.

I

Appellants contend that their rights to a speedy trial were violated by reason of the lapse of a period of one year, five months and one week between the date of the alleged

offenses and the date of trial, and one year and five months between the filing of charges and the date of trial. The following additional chronology of events will be helpful to consideration of this case:

| | |
|---|---|
| October 3, 1977. | October term of Jefferson Circuit Court commenced. |
| December 6, 1977. | Pamela Baxter of the firm of Morehead and Associates was appointed to represent all of the appellants. |
| December 30, 1977. | Appellants waived formal arraignment and entered pleas of not guilty. |
| March 6, 1978. | March term of Circuit Court of Jefferson County commenced. |
| July 14, 1978. | All charges were set for trial. |
| July 17, 1978. | Pamela Baxter moved that the cases be continued because she had a previous setting in the civil division of the Circuit Court of Jefferson County, which had been made in March, 1978. |
| July 19, 1978. | Continuance was granted because of the conflict in defense counsel's schedule. |
| October 2, 1978. | October 1978 term of Jefferson Circuit Court commenced. |
| January 16, 1979. | Cases were set for trial on |

February 8, 1979.

January 25, 1979.    Cases of Pucilowski and Wise were set for March 26, 1979.

January 30, 1979.    Cases of Matthews and Thomas were set for March 26, 1979.

March 5, 1979.    March 1979 term of Jefferson Circuit Court commenced.

March 29, 1979.    Oral motion for dismissal made. Matthews also made a written motion for dismissal. Both were based upon the assertion that appellants had been denied a speedy trial and both were denied.

The oral motion for dismissal was based upon the contention that trial of appellants was prohibited because more than two terms of court had intervened between the filing of the charges and the date of trial. It was alleged that, because the motion for continuance was made without their approval and without their being consulted, that they were not chargeable with the delay occasioned thereby and, as a result, not only two, but three, terms of court had passed before they were brought to trial. No other ground for dismissal or basis for bar of trial on account of denial of a speedy trial was invoked or mentioned. The only basis for loss of jurisdiction by the Circuit Court alleged by Matthews was the failure to "bring him to Court" by the end of the second term of the court having jurisdiction. He did allege that having a detainer lodged against him for 17 months caused him to remain under armed supervision and constituted cruel and unusual punishment in violation of constitutional rights guaranteed him by the Constitution of the United States.

Appellants rely upon Ark. Stat. Ann. § 43-1708 (Repl. 1977) and Rule 28.1. At the outset, we point out that their reliance upon Ark. Stat. Ann. § 43-1708 is misplaced. It was superseded by Article VIII of the Arkansas Rules of Criminal Procedure. Ark. Stat. Ann. Vol. 4A (Repl. 1977). These rules were adopted by this court by Per Curiam Order entered December 22, 1975, to be effective on January 1, 1976, pursuant to Act 470 of 1971, and in harmony with this court's constitutional superintending control over all trial courts. Act 470 specifically authorized this court to prescribe rules of practice and procedure with respect to any or all proceedings in criminal cases. Ark. Stat. Ann. § 22-242 (Supp. 1979). Section 4 of the act provided that all laws in conflict with such rules shall be of no further effect after such rules have taken effect.

Consequently, we must, in order to determine whether the rights of appellants to a speedy trial under Arkansas law have been violated, resort to the rules invoked by appellants. They rely upon Rule 28.1(a), which is a part of Article VIII. That rule provides that one charged for any offense and committed to a jail or prison in this state shall be brought to trial before the end of the second term of the court having jurisdiction of the offense, but not to exceed nine months, from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Appellants were not entitled to discharge under Rule 28.1(a), as they might have been under Ark. Stat. Ann. § 43-1708, as construed in *Fulton* v. *State,* 178 Ark. 841, 12 S.W. 2d 777. (But see, *Leggett* v. *State,* 231 Ark. 7, 328 S.W. 2d 250.) The consequences of a failure to be brought to trial within the time allowed under Rule 28.1 (a) are set out in Rule 30. An incarcerated defendant not brought to trial before the running of that time is not entitled to absolute discharge, as he might have been under Ark. Stat. Ann. § 43-1708. He is entitled to be recognized and released on order to appear, and the time for his trial is then computed pursuant to Rules 28.1 (b) and 28.2. Obviously, appellants could not have been released from custody under the commitments under which they were held at the Cummins Unit of the Department of Correction. Thus, they had a right to be brought to trial

before the end of the third full term of court from the time provided in Rule 28.2, excluding such periods of necessary delay as are authorized in Rule 28.3. See Rule 28.1 (b); *Wade* v. *State,* 264 Ark. 320, 571 S.W. 2d 231.

The term in which appellants were charged does not count. The expiration of full terms is required. *Wade* v. *State,* supra. Therefore, only the March 1978 and the October 1978 full terms had passed when appellants were brought to trial on March 29, 1979, a day of the March 1979 term of the Circuit Court of Jefferson County, which was within the third full term after the charges were filed.

Appellants are also in error when they say they are not chargeable with the excluded period attributable to the continuance granted in this case. They allege that this motion was made without their approval or being consulted. We do not know what the facts are with reference to their knowledge of the motion or the predicament in which their appointed counsel found herself. She filed her motion three days after the case had been set. The previous setting of a case in which she was trial counsel should, and did, take precedence. It was proper for the trial judge to grant a continuance on this ground. The period of delay resulting from a continuance granted at the request of *the defendant or his counsel* is an excluded period in applying the speedy trial rules. Rule 28.3, Arkansas Rules of Criminal Procedure. This rule is a clear recognition that there will be occasions, such as this one, on which a defendant's attorney will be compelled to seek a continuance, because of his own situation. If such a provision were not made, a defendant represented by an attorney who was required to honor a prior setting (perhaps of another criminal case) or who was temporarily ill, would, in order that he be given a speedy trial, be put to trial without counsel, or without adequately prepared substitute counsel. Even though such a defendant, if convicted, would probably be entitled to a new trial on account of ineffective assistance of counsel, he would probably be worse off than he would have been by suffering a delay in order that he might be represented by his regular counsel, who presumably is prepared for the trial. We have indicated that such a delay should not exclude a full term of court, if that can be avoided. See, *State* v. *Lewis,* 268 Ark. 359, 596 S.W. 2d 697 (1980). See also, Rule

27.3, Arkansas Rules of Criminal Procedure and Commentary, Article VIII.

Appellants also advance an unpersuasive argument that they were denied a speedy trial, or that a different construction should be put upon our rules, when the factors of *Barker* v. *Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972) are applied. We find only two of those factors which would raise a question here, i.e., the length of the delay and appellants' assertion of the right to a speedy trial. But before *Barker* applies, since the length of delay is only a triggering mechanism, it must be such as to be presumptively prejudicial. The delay here, in compliance with our rules, is not. The reason for the delay, at least in part, was attributable to appellants. Reference has already been made to the continuance because of a conflict in their attorney's trial schedule. More importantly, there is no proof of actual prejudice because of the delay. It is recognized in *Barker* that a delay in bringing an accused to trial does not per se result in prejudice to him.

The rules set out in Article VIII of the Rules of Criminal Procedure were an effort to more precisely define what constitutes a "speedy trial" in the interest of persons accused of crime and the public and in clear recognition of *Barker* v. *Wingo,* supra. We perceive that there may be a denial of one's constitutional right to a speedy trial after a period of delay shorter than those permitted under Rules 28 and 30, but a much stronger showing of prejudice would be necessary than that made here to overcome the presumption that a time within the prescribed limits of these rules meets constitutional requirements.

The United States Supreme Court made it quite clear in *Barker* that unless there is a delay that is presumptively prejudicial, there is no reason to inquire into the other important factors. The delay here was not presumptively prejudicial and the showing of prejudice to the interests of appellants protected by the speedy trial provision of the Sixth Amendment to the Constitution of the United States was not sufficient to require a dismissal of these charges.

## II

Appellants argue that the trial court failed to protect them from newspaper publicity relating to the fact that two of them, Pucilowski and Wise, just three days prior to trial, attempted to accept a plea bargain offered by the prosecuting attorney. This acceptance was later withdrawn. Appellants' abstract of the record is not adequate to reveal the basis of this contention, but the state has elected to supply some of the deficiencies. The state's supplemental abstract discloses the motion made by appellants alleging that pretrial publicity had made it impossible for them to have due process and equal protection of the law under the Fifth and Fourteenth Amendments to the United States Constitution. Reference was made therein to publicity given the escape in which appellants were alleged to have been engaged and to the publicity given the agreement of two of them to plead guilty. Appellants submitted articles taken from the Arkansas Gazette and the Pine Bluff Commercial, but neither of them was abstracted, so we cannot assume that these articles were so inflammatory and prejudicial per se that appellants were entitled to relief.

The objection was made before voir dire of the prospective jurors, but was not heard by the trial judge until voir dire had been completed. In ruling on the objection, the trial judge noted that the voir dire indicated that a few of the prospective jurors had read the account but had not formed an opinion, or, at least, those seated had stated that they would arrive at a decision based entirely upon the evidence submitted and the law as given unto them. The voir dire, which was abstracted by the state, strongly supports this finding. The judge stated that he had read the articles pertaining to the offers to plead guilty and was amazed to see that the information disclosed by them was apparently obtained through an interview with appellants' trial counsel. Be that as it may, the trial court denied the motion to quash the informations and to quash the jury selected, holding that appellants were not being deprived of a fair trial by pretrial publicity.

Appellants now say that the court should have quashed

the jury selected, which, of course, would have caused a further delay in bringing them to trial. Appellants did not think enough of their contention to request a change of venue, and the record supplied us would certainly not warrant a change of venue. Few of the prospective jurors were even asked about their familiarity with the pretrial publicity, so appellants' counsel must not have been impressed with the idea that appellants could not receive a fair trial by jurors drawn from the panel that served. Only two jurors were seated over appellants' objection. One of these recognized the case from pretrial publicity, but said that he would be able to base his verdict entirely upon what he heard in the courtroom, uninfluenced by what he had read about the case. The other was unsure about his recollection of facts alleged in the case from what he had read and said that he could "divorce" himself from that information, listen to the evidence presented and make a decision from it, saying that "it wasn't a trial in the paper."

Appellants have simply failed to show any merit in this point for reversal.

The judgment is affirmed.

STROUD, J., concurs.

PURTLE and MAYS, JJ., dissent.

JOHN F. STROUD, Justice, concurring. I disagree with the court's interpretation of Article VIII of the Arkansas Rules of Criminal Procedure as those rules pertain to a defendant awaiting trial while incarcerated in the Arkansas Department of Correction (more commonly called the state penitentiary) for another offense. In *Wade* v. *State,* 264 Ark. 320, 571 S.W. 2d 231 (1978), the rules were interpreted to mean that a defendant incarcerated in the state penitentiary would receive a speedy trial if he is tried before the end of the third full term of court. To reach this result the court cited Rule 30.1(b), also cited in the majority opinion, and held that the provisions of Rule 28.1(a) applied to a defendant held in jail pending trial, but not to a defendant in the state penitentiary. The relevant portion of the latter rule provides:

> Any defendant charged with an offense in circuit court and committed to a *jail or prison* in this state shall be brought to trial before the end of the second full term of the court, but not to exceed nine (9) months . . . (Emphasis added.)

Although neither term is defined by the Rules of Criminal Procedure, jail is defined in Webster's Third New International Dictionary (1961) as a building for the confinement of persons held in lawful custody as for minor offenses, and prison is defined as an institution for the imprisonment of persons convicted of major crimes or felonies. In 1875 when the legislature adopted Ark. Stat. Ann. §§ 46-701 — 46-706 (Repl. 1977) authorizing the construction of detention facilities by a city council, such facilities were referred to as a city prison. The statute also refers to the attendant facility as "watch houses," but both terms are archaic and have fallen into disuse. More contemporary language is contained in Ark. Stat. Ann. §§ 46-1201 — 46-1209 (Repl. 1977) adopted in 1973 setting standards for criminal detention facilities which refers to "the State Penitentiary, county jails, municipal jails, and temporary holding units." I think clearly "jail" means the county or municipal jail and "prison" means the state penitentiary.

The *Wade* case, now reaffirmed by this case, has construed "jail or prison" as used in Rule 28.1(a) to mean only the county or municipal jail, so that the 9 month limitation does not apply to a defendant already in the state penitentiary. This application of the speedy trial rules causes the defendant in the state penitentiary to be governed by the rule applicable to persons free on bail (trial before the end of the third full term of court), rather than by the rule applicable to persons incarcerated in a county or municipal jail (trial before the end of the second full term of court, but not to exceed 9 months). This construction is blatantly unfair for the reason pointed out by Justice Conley Byrd in his dissent to the *Wade* case. A prisoner in the state penitentiary is deprived of the right to earn "good time" for good behavior due to a hold order placed on him while he awaits trial for another offense.

I concur in the result of the majority opinion rather than dissent from it, because I believe this arbitrary rule should be changed by formal amendment to the Arkansas Rules of Criminal Procedure with a *subsequent* effective date, rather than by overruling the *Wade* case and applying the decision *retroactively*.

JOHN I. PURTLE, Justice, dissenting. Appellants were arrested on October 11, 1977, while they were already confined in prison. Arkansas Rules of Criminal Procedure, Rule 28.1 (a) and (b) provide:

> (a) Any defendant charged with an offense in circuit court and committed to a jail or prison in this state shall be brought to trial before the end of the second full term of the court, but not to exceed nine (9) months, from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

> (b) Any defendant charged with an offense in circuit court and held to bail, or otherwise lawfully set at liberty, shall be brought to trial before the end of the third full term of court from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

It is obvious the clear language of Rule 28.1 (a) required the appellants to be released long before the trial date unless there was some exception to the rule which prevented such release. They were brought to trial on March 26, 1979. This is almost a year and a half (17 months) after their arrest. Both two full terms of court and nine months had expired long before they were tried.

Periods excluded from the above-stated rule are set out in Rule 28.3. There are a great number of reasons for holding a prisoner beyond the period set out in 28.1 above. In addition to a number of reasons listed, the final reason is "other periods of delay for good cause." It does not appear that any of the reasons enumerated caused the great delay in this case nor is a good cause shown, in my opinion.

It appears to me that the nine months provision has been overlooked, and it is the controlling factor in this case. The nine months would have expired on July 10, 1978. If, as the majority argues, the prisoner was merely entitled to be treated as released and the court was given an additional term to try them, that period would have also expired. After July 10, 1978, the October term commenced on October 2, 1978. The March 1978 term ended September 30 and the October 1978 term started on October 2, 1978. The March 1979 term commenced on March 5, 1979. Therefore, one full term of court expired after the nine months period had expired.

The terms of court excluded, what continues to be baffling is the fact that appellants were arrested October 17, 1977, and trial was not even set until July 14, 1978, which was ten months after the date of arrest. Even though a continuance was granted in October, the trial was not reset until January 1978, six months for the continuance and 15 months from the date of arrest. No reason is given for the delay in setting the trial date after the continuance was granted and surely a continuance does not extend free rein to avoid the resetting of a trial date at any time during the foreseeable future.

It is obvious that something is manifestly unfair about a rule which will allow one man to be held a year and a half, in prison, and not be denied a speedy trial when we have previously held that another man held for seven months in prison was denied a speedy trial. See *Alexander* v. *State,* 268 Ark. 384, 598 S.W. 2d 395 (1980), and *State* v. *Lewis,* 268 Ark. 359, 596 S.W. 2d 697 (1980). If the majority is correct, which I seriously doubt, then it is even more apparent why the rule should be changed to set a mandatory period of time for trials to apply throughout the state of Arkansas.

I am authorized to state that Mays, J., joins me in this dissent.