Robert L. MILLER *v.* Floyd J. LOFTON, Judge

CR 79-232                                    612 S.W. 2d 732

Supreme Court of Arkansas
Opinion delivered March 16, 1981

*William R. Simpson, Jr.,* Public Defender, 6th Judi-

cial District, by: *Howard W. Koopman*, Chief Deputy Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. This petition for prohibition asserts that Miller has been denied a speedy trial upon a charge of burglary pending in the Pulaski Circuit Court. Such petitions are within our jurisdiction under Rule 29 (1) (f). We find no denial of Miller's right to a speedy trial.

Miller was arrested on July 3, 1978. He was first charged with the present offense of burglary and later separately charged with other unreleated offenses. The latter charges were tried on February 1, 1979, with a finding of guilty and sentences totaling seven years and 30 days.

On October 11, 1979, the charge of burglary was set for trial on November 15, 1979, which would have been within the third term of court after the arrest. Miller moved for a dismissal, on the ground that he had not been tried within nine months after the first trial. After the denial of that motion Miller filed his petition for prohibition in this court. We issued a temporary writ on February 11, 1980, but owing to a misunderstanding about the briefing schedule under Rule 16 the petitioner's brief was not filed until last December.

There is no merit in petitioner's argument that the State's failure to try him within nine months entitled him to an absolute discharge. In a case decided after this petition for prohibition was filed we held that under Criminal Procedure Rule 30.1 (b) the accused is entitled not to a discharge but only to a release from custody after nine months, but even such a release is not possible when the accused is confined in the Department of Correction under an earlier conviction. *Matthews* v. *State*, 268 Ark. 484, 598 S.W. 2d 58 (1980).

Alternatively, petitioner argues that the State knew of his earlier conviction and confinement and failed to "prompt-

ly" seek his presence for trial, as required by A. R. Crim. P., Rule 29.1 (a). "Promptly," however, is not an exact term. As used in the Rule it necessarily means without undue or unreasonable delay. Here Miller failed to offer any testimony in support of his motion to dismiss; so the question is presented as an issue of law with no showing of actual prejudice from the delay. The case was set for trial within the three terms of court allowed by Rules 28.1 (b) and 28.2. Thus there was a prima facie compliance with the speedy trial requirements, and in the absence of proof of prejudice we cannot say as a matter of law that the State did not act promptly.

Writ denied.