Ismet DIVANOVICH *v.* STATE of Arkansas

CR 81-17                                    617 S.W. 2d 345

Supreme Court of Arkansas
Opinion delivered June 15, 1981
[Rehearing denied July 13, 1981.]

*Gregory N. Robinson*, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Ismet Divanovich was charged in this case with escape from the Department of Correction, where he was in confinement after a conviction for murder. See *Divanovich* v. *State*, 271 Ark. 104, 607 S.W. 2d 383 (1980). After the expiration of three full terms of court

following the filing of the charge of escape, Divanovich sought dismissal of the charge for want of a speedy trial. He seeks to appeal from an order denying his motion. Prohibition being the proper remedy, *Callender* v. *State*, 263 Ark. 217, 563 S.W. 2d 467 (1978), we so treat the appeal and take jurisdiction under Rule 29 (1) (f).

Divanovich, having been in confinement, concedes that three full terms of court represent the maximum limitation under Criminal Procedure Rule 28.1, absent periods of excluded time. *Wade* v. *State*, 264 Ark. 320, 571 S.W. 2d 231 (1978). Here, after two trial settings had resulted in continuances, the trial of the escape charge was set for October 8, 1980, which would have been the 31st day after the third term of court expired on September 7. Hence a key question is whether there was an excludable period amounting to 31 days or more. *Wallace* v. *State*, 270 Ark. 17, 603 S.W. 2d 399 (1980).

There was at least one such period. On February 28, 1980, the court set the case for trial on April 8. On February 29 Divanovich's appointed attorney filed a motion asking that he be relieved as counsel because he was to become a deputy prosecuting attorney on March 3. That motion, after some delay, was granted on May 14. On the same day substitute counsel was appointed for Divanovich. Still later, on Divanovich's motion the court disqualified the prosecuting attorney on the ground that his professional association with Divanovich's first attorney created a conflict of interest. A special prosecutor was then appointed.

Although all the foregoing steps were not completed until the appointment of the special prosecutor on August 18, it is evident that the scheduled trial on April 8 could not have been held, because of the necessity of appointing a new prosecutor and a new defense counsel. A continuance necessitated by defense counsel's having an earlier conflicting trial date in a civil case has been held chargeable to the defendant. *Matthews* v. *State*, 268 Ark. 484, 598 S.W. 2d 58 (1980). Here the postponement of the scheduled trial on April 8 was certainly for good cause, bringing it within Rule 28.3 (h). The excluded period greatly exceeded 31 days.

Finally, we find no facts justifying a conclusion that, even though the case was tried within the time allowed by our Rules, there was prejudicial delay calling for a dismissal under *Barker* v. *Wingo*, 407 U.S. 514 (1972).

The application for a writ of prohibition is denied.

ADKISSON, C.J., and PURTLE, J., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority has held that an excludable period exists for good cause under Rule 28.3(h). I dissent for two reasons: first, because the State failed to prove that defendant's first attorney had no knowledge on February 28 (the date the case was set for an April 8 trial) of his March 3 employment with the prosecuting attorney's office which presented a conflict of interest; and second, because of the trial judge's failure to immediately appoint other counsel for the defendant upon being advised by the defendant's attorney on February 29 that he would be unable to represent the defendant.

In *State* v. *Lewis*, 268 Ark. 359, 596 S.W. 2d 697 (1980) we held that "it was the burden of the State to prove the delay was legally justified." Here the State failed to sustain its burden of proof, and the trial court could not and did not make the necessay finding of good cause for the excludable period; but now the majority attempts to avoid Rule 28.3 (h) and *Lewis, supra* by supplying the deficiency and forging a finding of good cause out of a silent record.

On February 29 appellant's attorney advised the court of his conflict of interest and of his inability to represent his client at the trial set for April 8. The trial court failed to immediately appoint substitute counsel; nor did it later make a finding of good cause for excluding the period between February 29 and the appointment of substitute counsel on May 14. Obviously, this two and one-half month delay in appointing substitute counsel was not the fault of the appellant and the delay should not be attributed to him. How can this Court determine that the trial court had good cause for delaying the appointment of substitute counsel for this lengthy period?

I am authorized to state that Purtle, J., joins me in this dissent.