Sterling WILLIAMS *v.* STATE of Arkansas

CR 81-86                                    627 S.W. 2d 4

Supreme Court of Arkansas
Opinion delivered January 25, 1982

*John L. Kearney,* for appellant.

*Steve Clark,* Atty. Gen., by: *Alice Ann Burns,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. A jury found appellant guilty on two counts of aggravated robbery and theft and assessed penalties totaling 40 years imprisonment. Appellant's only contention for reversal is that the court erred in refusing to dismiss the charges against him since he was not brought to trial within three full terms of court in violation of his right to a speedy trial. Ark. Stat. Ann., Vol. 4A, Rules of Criminal Procedure, Rule 28.1 (b) (Repl. 1977) (Amended effective July 1, 1980 [Supp. 1981]).

There are two terms of court per year in Jefferson County — one beginning the first Monday in March and the other the first Monday in October and the term when appellant was arrested and charged is not counted. *Kemp* v. *State,* 270 Ark. 835, 606 S.W. 2d 573 (1980). The burden is upon the state to prove good cause for any delay in the trial or that it was legally justified. *State* v. *Lewis,* 268 Ark. 359, 596 S.W. 2d 697 (1980). Here, the appellant was arrested and charged on May 17, 1979; on June 5, an attorney was appointed to represent him; on July 16, he was released upon his own recognizance; on August 27, 1980, the court set his trial for November 28, 1980; on October 17, 1980, appellant's counsel filed a motion to be permitted to withdraw, stating that appellant had failed to cooperate with him in his efforts to represent him; on December 1, 1980, the court granted the attorney's motion to withdraw, apparently incarcerated the appellant, and gave him until January 5, 1981, to secure counsel. On that date appellant, not having secured counsel, was given until February 2, 1981, to do so. Not having an attorney by this date, the court

appointed present counsel. The trial was rescheduled for and held on May 20, 1981. A few days before trial, appellant's present court appointed counsel sought dismissal of the charges asserting the trial date exceeded three full terms. He insisted that, although the appellant had been absent from the state, his absence violated no court order and that he had always been available for trial purposes. The appellant testified that he had returned to the state a short time before his scheduled trial date in November, 1980. The state responded that appellant had been absent from the state from October, 1979, until December, 1980; his whereabouts were unknown to the prosecuting attorney and to his own attorney; he had failed to respond to the requests of his then attorney; on December 1, 1980, this attorney was permitted to withdraw upon his own motion since he had been unable to contact the defendant; and the court jailed the appellant because he had fled the state. Appellee argues that a period of 15 or 16 months should be excludable from the three term trial requirement, or at least the period from October 17, 1980, to February 2, 1981.

It is undisputed that three terms of court, not counting the term in which appellant was arrested and charged, elapsed and therefore charges against appellant should be dismissed unless there is good cause shown for an excludable period of time. Appellant's trial was conducted 79 days following the expiration of three full terms of court. We are of the view that the period of time from October 17, 1980, when his attorney asked for permission to withdraw because of appellant's failure to cooperate in the preparation of his defense, until February 2, 1981, when present counsel was appointed, should be excluded from the three term requirement and chargeable to the appellant. It is true that counsel's motion to withdraw was not granted until December 1, 1980; however, it is quite evident that the appellant's scheduled trial on November 28 could not have been held in view of the conflict between appellant and his appointed counsel, resulting in the necessity of appointing new defense counsel. *Divanovich* v. *State,* 273 Ark. 117, 617 S.W. 2d 345 (1981). Here, as there, the postponement of the scheduled trial was for good cause which brings it within Rule 28.3 (h).

Since the 108 days chargeable to the appellant greatly exceeds the 79 day delay, we cannot say the trial court erred in denying appellant's motion to dismiss the charges against him for lack of a speedy trial.

Affirmed.

ADKISSON, C.J., and HICKMAN and PURTLE, JJ., dissent.

RICHARD B. ADKISSON, Chief Justice, dissenting. The majority has decided that 108 days is an excludable period for good cause under the speedy trial provisions of the Rules of Criminal Procedure, Article VIII, Rule 28.

More specifically, they have held that the excludable period began when court-appointed counsel moved to withdraw as counsel 42 days before trial, alleging he was unable to prepare for trial because the accused had not contacted him, and ended 66 days after the trial date when a second attorney was appointed.

This decision marks the end of any pretense that this Court may have posed regarding enforcement of the speedy trial provisions of the Rules of Criminal Procedure.

At a time when most of the jurisdictions in this nation are requiring that trials be held in 90 days to six months from the time of arrest, this Court is unable to require a trial be held in 18 months, finding "good cause" for delay on the very flimsiest of reasons.

This Court should realize that laws requiring a speedy trial are practically and ultimately for the benefit of the public — the accused seldom really wants one.

Sanctions for failure to hold a speedy trial are deemed necessary for its enforcement; that is the concept behind Article VIII. If sanctions are not enforced, the rule will be meaningless.

I am hereby authorized to state that HICKMAN and PURTLE, JJ., join in this dissent.