Billy Joe WALKER *v.* STATE of Arkansas

CR 85-142                                701 S.W.2d 372

Supreme Court of Arkansas
Opinion delivered January 13, 1986

*Clark & Clark*, by: *Jim Clark*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This is an appeal from denial of relief sought by the appellant in the trial court pursuant to Ark. R. Crim. P. 37. The appellant contends that his trial counsel was ineffective because the lawyer failed to move for dismissal of the charge against him on the ground that he had not received a speedy trial. We agree that the motion should have been made, and thus the conviction must be reversed.

Our criminal procedure rule, Ark. R. Crim. P. 28.1(c), provides that a defendant charged with a crime in circuit court and lawfully at liberty awaiting trial is

> . . . entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within eighteen (18) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3.

Rule 28.2(a) says the time begins to run when the charge is filed. Rule 28.3(a) provides, in part, for exclusion of:

> The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand

trial, hearings on pretrial motions, interlocutory appeals, and trials of other charges against the defendant.

It is undisputed that the appellant was tried more than eighteen months after he was charged. His trial attorney did not move to dismiss the charges on that ground. Rule 28.1(f) provides that failure to move for dismissal pursuant to Rule 28.1(c) constitutes waiver of the right to a speedy trial.

As the appellant was precluded by waiver from appealing the prima facie violation of the speedy trial rule, he sought relief from the trial court on the basis that his trial counsel had been ineffective. *See* Rule 37; *Carrier* v. *State*, 278 Ark. 542, 647 S.W.2d 449 (1983). The trial court refused to grant relief under Rule 37 because he found that the appellant had made a motion for an omnibus hearing pursuant to Rule 20 and had then waived the hearing fifty-five days after having made the motion. The court held the running of the eighteen-month period was tolled for those fifty-five days. Although the judge did not say so, he obviously was denying relief under Rule 37 on the premise that a motion for dismissal for failure to provide a speedy trial would have been denied, thus counsel's failure to make the motion did not constitute ineffective assistance.

We would agree with the trial court if the motion for an omnibus hearing had caused a delay in the holding of the trial. In this case, however, no trial date was set until almost a year after the appellant waived the hearing. The hearing was waived on April 12, 1982. On March 21, 1983, the trial was set to be held July 7, 1983. The record contains no explanation of the delay which occurred between April 12, 1982, and July 7, 1983. The appellant clearly was not holding up the trial during that time.

The state cites *People* v. *Chiofalo*, 73 A.D.2d 673, 423 N.Y.S.2d 210 (1979), in which an "omnibus motion" made by the defendant caused the prosecutor to request and receive a continuance to permit trial beyond the New York statutory time limit. The court made it clear that the delay beyond the limit was directly caused by the defendant's motion.

Also cited by the state is *State* v. *Gowe*, 13 Ohio App. 3d 358, 469 N.E.2d 909 (1983). There the defendant asked for a pretrial hearing on a misdemeanor traffic offense charge. The pretrial

hearing was set for some five days before the thirty-day speedy trial time limit ran. The defendant's attorney failed to attend the hearing, and the court then rescheduled the trial on a date eleven days after the limit. The appellate court said that in these circumstances, where a defendant who was required to be tried in thirty days asked for two court hearings, it was not unreasonable to allow extra time. The case does not say whether the Ohio law required dismissal in the event the time limit is exceeded or permitted any "reasonable" delay.

We appreciate the Attorney General's candor in citing, for comparative purposes, *Rodman* v. *County Court*, 694 P.2d 871 (Colo. App. 1984). The issue on appeal was again whether a motion for a pretrial conference was a basis for excluding time from the speedy trial calculation. The case is much like the one before us now, as the trial court did not have to postpone any set trial date. The Colorado Court of Appeals said:

> Here . . . there is nothing in the record to indicate that Rodman's timely request for the pretrial conference necessitated a delay or postponement of the trial date. Also, there is nothing in the record to indicate that Rodman had rejected a proposed trial date within the statutory period . . . that he or his attorney requested a continuance . . . nor that the court set the trial beyond the six month statutory limit to accommodate the defense attorney's schedule.
>
> What is evident is that in requesting a pretrial conference Rodman was merely seeking to invoke the power of the trial court to enter orders which would govern the future course of the proceedings. The fact that a disposition of the case might result from such conference, while perhaps hoped for, is only one of the possible results to be achieved. Here, there is no indication that Rodman had any understanding or knowledge that such request might result in a postponement of his trial, nor, in our view, should he believe that a request for a pretrial conference, as a matter of course, would constitute a waiver of his speedy trial right. [Citations omitted.]

The state also cites three Arkansas cases for the proposition that when the defendant's motion has made the trial impossible

for a time, that time should be excluded from the speedy trial calculation. *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982); *Divanovich* v. *State*, 273 Ark. 117, 617 S.W.2d 345 (1981); and *Foxworth* v. *State*, 263 Ark. 549, 566 S.W.2d 151 (1978). In each of those cases, the court had set a timely trial date which had to be delayed because the defendant's motion made it impossible to hold the trial on the date planned. The distinction of those cases from the one before us is obvious. Here no trial date was delayed because of the defendant's motion.

We note also that the court did not make a written order or docket entry showing a number of excluded days as Rule 28.3 (i) requires. The state argues the court fulfilled that requirement when he denied the Rule 37 petition. Our view is that there was no failure to meet this requirement because there were no excludable days.

We are not holding that in order for time to be excluded from the speedy trial period a trial must be postponed from a set date. We can imagine situations in which delays caused by the defendant could preclude setting the trial during the time within which he is required to be tried. In such an instance we could find, in the words of Rule 28.3(a), a "period of delay resulting from other proceedings concerning the defendant."

Once the defendant has moved for dismissal and has shown that the trial was being or to be held after the speedy trial period expired, the prosecutor has the burden of showing the delay beyond the speedy trial period was the result of the defendant's conduct. *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982); *State* v. *Lewis*, 268 Ark. 359, 596 S.W.2d 697 (1980). That burden should have been placed on the prosecution in this case. Had the dismissal motion been made, it would have been error not to have granted it. We thus hold the failure to make the dismissal motion was ineffective assistance of counsel, the defendant suffered prejudice from it, and we have no alternative but to reverse the conviction and dismiss the case. *Clark* v. *State*, 274 Ark. 87, 622 S.W.2d 171 (1981).

Reversed and dismissed.

PURTLE, J., not participating.