Don LEWIS *v.* STATE of Arkansas

CR 91-139                                              819 S.W.2d 689

Supreme Court of Arkansas
Opinion delivered November 18, 1991
[Rehearing denied December 23, 1991.]

*Morehead & Morehead*, by: *Robert F. Morehead*, for appellant.

*Winston Bryant*, Att'y Gen., *Catherine Templeton*, Ass't Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Don Earl Lewis was charged with four counts of delivery of crack cocaine. The counts were severed and appellant was tried and convicted on one count. That case is not before us. Appellant was then tried and convicted on the second count, the one which we now address. Three points for reversal are argued: The trial court should have granted a motion to dismiss for lack of a speedy trial; the trial court should not have permitted the introduction of evidence over an objection to the chain of custody; and the evidence was insufficient to support the verdict. We find no merit in these contentions.

### Speedy Trial

Appellant was charged on September 12, 1989, with four counts of delivery of cocaine and arrested the following day. Under Ark. R. Crim. P. 28.1(c) and 28.2(a) the state had twelve months from September 12, 1989, to bring him to trial. Trial was set for June 18, 1990, on all four counts. One week before trial appellant asked for separate trials by filing a motion to sever the four counts. The motion was considered and granted at a pre-trial conference the following day, June 12, and on June 18 appellant was tried on a single count. On July 12 the trial court entered an order stating, "On motion of the defendant this matter is continued from April 15, 1990, through August 20, 1990."

Appellant's second trial, the subject of this appeal, was held on November 2, 1990, fifty-one days beyond the time for speedy trial. Consequently, the burden is on the state to show the delay was justified. *Novak v. State*, 294 Ark. 120, 741 S.W.2d 243 (1987). Appellant's primary argument in this appeal is that

the trial court should have dismissed the remaining three counts for lack of a speedy trial. Since' appellant filed a *pro se* motion on that ground on October 25, the point has been properly preserved for review. At a hearing on the motion the trial court and opposing counsel discussed the proceedings at the June 12 hearing on the motion to sever and counsel for appellant stated he had no independent recollection of asking for a continuance. The deputy prosecutor responded:

BY THE DEPUTY PROSECUTOR, MR. HALTOM:

Your Honor, it's the State's recollection in this particular matter that due to the basis that the Defendant asked for a severance of these matters is why the continuance was granted. Now, I agree with Mr. Folsom [defense counsel] there wasn't a direct request for continuance, but by the speedy trial rules themselves, when the Defendant asked for a severance of offenses, that tolls the statute.

At that point the trial court denied the motion and appellant was tried and convicted on the second count. We now address the points he raises in this appeal.

■ It is true, as appellant contends, that insofar as the order of July 12 purports to grant a continuance beginning two months earlier, April 15, it conflicts with the holding of *Hicks* v. *State*, 305 Ark. 393, 808 S.W.2d 348 (1991). But the order is not otherwise flawed and when the sixty-nine days from June 12 to August 20 is excluded, appellant's trial was within the time allowed under the speedy trial rules. *See* Ark. R. Crim. P. 28.3(c).

■ Appellant argues because no continuance was specifically requested, there is no excludable time. But that would require that an express recitation in an order be overridden by indistinct recollections of counsel. For that matter, the literal wording of the order does not state that a motion for a continuance was made, only that "On motion of the defendant this matter is continued from April 15, 1990, through August 20, 1990." The motion referred to may be the motion to sever. Be that as it may, it is obvious the remaining counts could not be tried on June 18 as scheduled, and a delay in the trial attributable to the defendant constitutes "good cause" as provided in Ark. R. Crim. P. 28.3(h). The state was prepared to try the appellant on June 18,

well within the time for speedy trial and it was the appellant's motion to sever, filed on the eve of trial, that occasioned the delay. We have held a number of times that when the defendant is scheduled for trial within the time for speedy trial and the trial is postponed because of the defendant, that is "good cause" to exclude the time attributable to the delay. In *Williams* v. *State*, 275 Ark. 8, 627 S.W.2d 4 (1982), the defendant was tried seventy-nine days beyond the speedy trial and we found good cause where his trial had been set for November 28, 1980, and defense counsel moved to withdraw on October 17 because of defendant's lack of cooperation. That motion was granted on December 1 and the defendant was given until January 5 and then until February 2 to obtain counsel, resulting in a trial postponement to May 20.

In *Foxworth* v. *State*, 263 Ark. 549, 566 S.W.2d 151 (1978), we rejected a speedy trial argument in these words:

> There was no denial of a speedy trial. The case was set for trial well within the time allowed by Rule 28 of the Rules of Criminal Procedure. A few days before the scheduled trial Foxworth assaulted his counsel, which led them to ask for permission to withdraw. The court's action in ordering a continuance to allow Foxworth to obtain other counsel was certainly a delay "for good cause" within Rule 28.3(h).

In *Walker* v. *State*, 288 Ark. 52, 701 S.W.2d 372 (1986), the defendant claimed ineffective assistance of counsel for failure to argue speedy trial. The trial court denied the claim because the defendant had moved for an omnibus hearing and then waived it fifty-five days later, reasoning that a speedy trial motion would have had no merit. While we reversed that ruling, we made it clear we would have agreed with the trial court if the motion for an omnibus hearing had delayed the trial.

In *Divanovich* v. *State*, 273 Ark. 117, 617 S.W.2d 345 (1981), the defendant was tried thirty-one days beyond the time for speedy trial and his motion to dismiss was rejected. On February 28, 1980, the trial court set his trial for April 8 and on February 29 his attorney filed a motion to be relieved because he was to become a deputy prosecuting attorney on March 3. That motion was granted and substitute counsel was appointed on May 14. Still later, on August 18, a special prosecutor was appointed

on the defendant's motion alleging a conflict of interest. We held the postponement was for "good cause."

■ Returning to the case at bar, it is clear the motion to sever filed one week before trial required that trial on three of the four counts be rescheduled. If the appellant took exception to either the wording of the order granting his motion, or the time excluded under its express terms, it was incumbent on him to bring that to the attention of the trial court within a reasonable time, rather than waiting until nearly four months had elapsed. A litigant may not complain belatedly when a timely objection could avert error. *Butler Mfg. Co. v. Hughes*, 292 Ark. 198, 729 S.W.2d 142 (1987); *Tosh v. State*, 278 Ark. 377, 646 S.W.2d 6 (1983).

## Chain of Custody

Lewis also contends that the chain of custody of the crack cocaine he was charged with delivering was not adequately established at trial. We disagree.

Barbara Crowe, an undercover officer, testified that she bought seven rocks of crack cocaine from Lewis on August 8, 1989. After labeling and packaging the drugs in an envelope she turned them over about an hour later to Sergeant Don Nix with the Miller County Sheriff's Office. Sergeant Nix testified he accepted the envelope from Crowe and filled out a chain of custody form which he attached to the envelope. After he placed the envelope in an evidence locker Nix notified Lieutenant Bob Page who is in charge of submitting evidence to the State Crime Lab. Lieutenant Page stated that after Nix notified him he retrieved the evidence from a locked locker that only he, the Sheriff and Sergeant Nix had keys to. Page testified that he filled out his part of the chain of evidence form, placed the envelope into a larger one and mailed it to the crime lab for analysis, taking the envelope to the post office himself. Keith Kerr of the State Crime Lab testified that he received the envelope from the receiving station of the lab. He stated that the substance he analyzed was cocaine based. Kerr, resealed the envelope after the analysis and returned it to the receiving section of the lab to be mailed back to the Miller County Sheriff's Office. Lieutenant Bob Page testified that since receiving it from the crime lab the evidence had been in his possession in the locked locker until the date of the trial.

■ We have said that the purpose of establishing the chain of custody is to prevent the introduction of evidence which is not authentic. *Gomez* v. *State*, 305 Ark. 496, 809 S.W.2d 809 (1991). To prove authenticity the state must show a reasonable probability that the evidence has not been altered in any significant way. *Id*. It is not necessary for the state to call every person who could have conceivably come into contact with the evidence; the trial judge in his or her discretion need only be satisfied that the evidence presented is genuine and, in reasonable probability, has not been tampered with. *Phills* v. *State*, 301 Ark. 265, 783 S.W.2d 348 (1990). Our review of the record shows that the chain of custody which was established at trial was sufficient to satisfy the judge that the evidence was genuine and he properly exercised his discretion in admitting it.

### Sufficiency of the Evidence

For his final point on appeal, Lewis maintains that the evidence was insufficient to support his conviction due to the defective chain of custody of the drugs. As has been demonstrated, the trial judge did not abuse his discretion in allowing the drugs admitted into evidence, therefore we need not address appellant's final point.

Affirmed.

DUDLEY, NEWBERN, and BROWN, JJ., dissent.

ROBERT H. DUDLEY, Justice, dissenting. This court should require the prompt trial of criminal cases. The majority opinion refuses to do so, and therefore, I dissent.

In the 1960's, when an accused was charged with a crime, he was often released on bond, and remained free until he was tried; many times that was two (2) years later, sometimes three (3) years later, and on rare occasions, even longer. The accused usually was pleased with such a system. However, sometimes an accused did want a prompt trial in order to assure attendance of his witnesses, or to ensure the preservation of his records or other evidence, or to avoid a longer conditional release. Clearly, however, the public and the victim never did approve of such a system. A reform movement began. Its purpose was to ensure prompt trial of criminal cases. In 1968 the American Bar Association approved a draft of the *Standards Relating To*

*Speedy Trial.* In 1971, this court created the Arkansas Criminal Code Revision Commission, and a part of its task was to implement standards relating to speedy trial. In 1972, the Supreme Court of the United States handed down the now famous case of *Barker* v. *Wingo,* 407 U.S. 514 (1972) which enunciated the present constitutional criteria for determining an accused's right to a speedy trial.

In 1975 this court adopted the Criminal Code Revision Commission's recommendations as the Arkansas Rule of Criminal Procedure. Article VIII of those rules is entitled "Speedy Trial." The commentary to that article provides in part: "[T]he concern here is with how the interest of defendants and *the public* in prompt trial should be determined and protected." (Emphasis added.) The Commission studied the American Bar Association's standards. A part of that commentary provides:

> The principles underlying most of the standards in this report deal primarily with protection of the defendant, who otherwise would not be in a position to force a prompt trial. *The interest of the public in the prompt disposition of criminal cases, however, must also be recognized.* Speedy trial may be of concern to the defendant, as he may want to preserve the means of proving his defense, to avoid a long period of pretrial imprisonment or conditional release, and to avoid a long period of anxiety and public suspicion arising out of the accusation. From the point of view of the public, a speedy trial is necessary to preserve the means of proving the charge, to maximize the deterrent effect of prosecution and conviction, and to avoid, in some cases, an extended period of pretrial freedom by the defendant *during which time he may flee, commit other crimes, or intimidate witnesses.*

Wayne R. LaFave, *Standards with Commentary,* Standards Relating to Speedy Trial 5-6 (A.B.A. 1967) (emphasis added).

Similarly, we have written that one purpose of the speedy trial rule is to protect the accused, but that it is also to protect the victim of the crime and, perhaps above all, to serve the interests of the public. *See, e.g., Chandler* v. *State,* 284 Ark. 560, 683 S.W.2d 928 (1985). The concept of the prompt and speedy trial is based upon sound public policy.

The only meaningful way to ensure that the public policy is effectuated is to discharge an accused who is not promptly tried. A prosecutor or a judge who allows many accused persons to be discharged will not long remain in office. In this way prompt criminal trials are assured.

The majority opinion amounts to an erosion of the speedy trial rule, and its precedent will set us back to the practices of twenty years ago. The accused will suffer, the victims will suffer, the witnesses will suffer, and the public will suffer.

In this case, the appellant was charged with four (4) felonies on September 12, 1989. Trial was set for June 18, 1990, well within the allowable twelve (12) months. On June 11, 1990, the appellant moved to sever the four (4) charges and have separate trials. On June 12, the trial court granted the motion to sever the charges and set one of the felonies for trial on the scheduled trial date, June 18. The trial court did not enter findings at that time, but later concluded that the remaining three (3) cases could be tried at a later time, possibly in later years, because the motion for a severance necessarily implies a motion for a continuance. The majority opinion adopts such reasoning and provides that a continuance on three (3) of the four (4) counts was clearly necessitated by appellant's motion to sever the offenses and is an excludable period. The majority opinion cites no authority for such a proposition because there is none. The majority opinion's holding implies that, as a matter of law, an accused cannot be tried for two different crimes before the same panel of jurors. There is no such statute or case law, and the majority opinion is wrong in so holding.

Once a defendant is tried for one crime, a judge can recall the panel and select a fair and impartial petit jury from those members of the panel who did not hear the first trial. At times, a third petit jury can be selected. Under the majority opinion, the trial judge must now wait until the next term of court and provide the accused with a complete new panel. If the county in which the charges arise is like most counties, there are only two (2) terms of court each year. If the trials proceed as the one now before us has, the first count will be tried at or around the end of the first year; the second will be tried six months later, the third in the next term, or six (6) more months, and the fourth even six (6) months later.

The intent and purpose of the speedy trial rule is obviously thwarted, and we are back to the practices of the 1960's. Therefore, I dissent.

DAVID NEWBERN, Justice, dissenting. The deputy prosecutor who tried this case stated "There wasn't a direct request for continuance." The State's brief before us admits "the trial court's order granting a continuance was based on Lewis' motion to sever the offenses." The State does not even suggest that the Trial Court order of July 12, 1990, stating that Lewis moved for a continuance effective April 15, 1990, was correct, and yet that is the only leg on which the majority opinion can stand.

The State cannot argue that Lewis sought any part of the 51-day delay at issue here, much less a continuance from April 15, 1990, to August 20, 1990. Even if we were to hold, and I find no authority whatever for doing so, that the motion to sever was "tantamount" to a motion to continue, the State argues the August 20 date was based on a "term of court," suggesting there was proof that a jury could not have been assembled to try Lewis until a new term of court began. The Court's opinion wisely does not adopt that rationale, as there has been no showing that a jury could not have been empaneled from the venire serving Miller County during the months in question.

The majority opinion cites cases in which it was demonstrated that a defendant delayed a trial without moving for a continuance. There is no such proof in this case. If there were any evidence whatever that the severance motion caused the fatal 51-day delay, this would be a different matter. There is none.

Arkansas R. Crim. P. 28 is a Rule of this Court. We should not seek to evade its application as has been done in this case. As recently as October 1, 1987, we amended the Rule to shorten the time in which a person charged but set at liberty must be tried. One purpose of the Rule is to assure an accused the benefit of the Sixth Amendment and Ark. Const. art. 2, § 10. *See Mackey* v. *State*, 279 Ark. 307, 651 S.W.2d 82 (1983). There are other purposes as well, however, including serving the interests of victims of crime and, perhaps above all, the public. *See Chandler* v. *State*, 284 Ark. 560, 683 S.W.2d 928 (1983). I can not countenance this obvious attempt to get around the Rule which was so patently applicable and so clearly violated.

I respectfully dissent.

BROWN, J., joins in this dissent.