Charles J. SMITH *v.* STATE of Arkansas

CR 92-1440                                      852 S.W.2d 109

Supreme Court of Arkansas
Opinion delivered May 3, 1993

*Ronald Marc Chaufty*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Charles J. Smith, appeals his conviction for aggravated robbery under the Habitual Offender's Act. We have jurisdiction over this appeal because appellant was sentenced to sixty (60) years in prison. Ark. Sup. Ct. R. 1-2(a)(2), *In re: In the Matter of Rules of the Arkansas Supreme Court and the Arkansas Court of Appeals*, 311 Ark. Appx. (Feb. 1, 1993). Appellant's only argument on appeal is that the trial court erred in denying his motion to dismiss for lack of speedy trial.

Time for purposes of speedy trial began to run on July 19, 1990, when appellant was arrested for aggravated robbery. A.R.Cr.P. Rule 28.2(a). Appellant's trial began April 22, 1992. This exceeds the speedy trial requirements by two hundred and seventy-seven (277) days. A.R.Cr.P. Rule 28.1(c). Once the accused has shown that the trial is to be held after the speedy trial period expires the state has the burden of showing the delay was legally justified. *Harwood* v. *Lofton*, 288 Ark. 173, 702 S.W.2d 805 (1986). Under A.R.Cr.P. Rule 28.3 certain periods of delay are excluded from the computation of time for speedy trial purposes. The state contends that when delays under Rule 28.3 are excluded from the time for speedy trial, the speedy trial period was met. We agree.

Specifically, the time from November 1, 1990, to January 22, 1991, eighty-two (82) days, should be excluded since that delay was the result of a request for a continuance from

appellant's attorney. A.R.Cr.P. Rule 28.3(c). Appellant contends he did not request this continuance and was not aware of the continuance or involved in any of the proceedings related to the continuance, so it cannot be charged to him. We have rejected this argument previously and do so again in this case. *Matthews* v. *State*, 268 Ark. 484, 598 S.W.2d 58 (1980). Rule 28.3(c) excludes all periods of delay "resulting from a continuance granted at the request of the defendant *or his counsel*." (Emphasis added). "This rule ... [recognizes] that there will be occasions ... on which a defendant's attorney will be compelled to seek a continuance because of his own situation." *Matthews*, 268 Ark. at 490, 598 S.W.2d at 62. Thus, the eighty-two (82) day delay resulting from the November 1, 1990, continuance requested by appellant's counsel is excluded for purposes of speedy trial.

Next, appellant's counsel requested a continuance on November 21, 1991, which the trial court granted, continuing the case to April 20, 1992, one hundred and fifty-two (152) days. *Id.* This delay, also at the request of appellant's counsel, is also chargeable to appellant. These two delays total two hundred and thirty-four (234) days, leaving just forty-three (43) days for which the state must account.

A hearing was held on September 3, 1991, for which appellant did not appear. Appellant, who was on parole at the time, admits he knew about the hearing, but did not attend. When appellant failed to appear for the hearing, an alias warrant was issued for his arrest. A.R.Cr.P. Rule 28.3(e) provides "[t]he period of delay resulting from the absence or unavailability of the defendant" is an excluded period. Under Rule 28.3(e),

> [a] defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial.

Appellant's presence for trial was not obtained until October 22, 1991, when he was arrested on the alias warrant. Thus, the time period from September 3, 1991, to October 22, 1991, fifty (50) days is excluded for speedy trial purposes. *Thompson* v. *City of Little Rock*, 264 Ark. 213, 570 S.W.2d 262 (1978); A.R.Cr.P. Rule 28.3(e).

■ The state has met its burden of proving the trial fell within the speedy trial time, taking into account all excluded periods.

Affirmed.